## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

| | | |
|---|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) | No.: |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, CITY SELECT AUTO SALES, INC., through its attorneys, brings this action on behalf of itself and all other persons similarly situated, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III ("Defendants").

### PRELIMINARY STATEMENT

1.     This case challenges Defendants' policy and practice of faxing unsolicited advertisements.

2.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send thousands of unsolicited faxed advertisements. The TCPA provides a private right of action for violations and

provides statutory damages of $500.00 per violation, which may be trebled to $1,500 per violation if the violation was willful.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and common law conversion.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

6.      This is the second putative class action brought against the Defendant, DAVID RANDALL ASSOCIATES, Inc.  On May 4, 2009, another class action plaintiff filed suit, which tolled the statute of limitations for this Plaintiff and the entire class.  That court did not resolve the class certification issues before the case was resolved on the basis of only the named plaintiff's claims.

## JURISDICTION AND VENUE

7.      Jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. §1332(d), because, as alleged below, the amount in controversy exceeds $5,000,000.00 in the aggregate, Plaintiff and Defendants are citizens of different states, and Plaintiff is informed and believes that there are more than twenty thousand members in the putative class.

2

8.     Venue in this district is proper because Defendants committed a statutory tort in New Jersey and within this judicial district.

## PARTIES

9.     Plaintiff, CITY SELECT AUTO SALES, INC., is a corporation organized under the laws of the state of New Jersey with its principal place of business in Burlington, New Jersey.

10.     On information and belief, Defendant, DAVID RANDALL ASSOCIATES, INC., is a corporation organized under the laws of the state of Pennsylvania with its principal place of business in Pennsylvania.

11.     On information and belief, Defendant, RAYMOND MILEY III, is an individual who resides in and is a citizen of the state of Pennsylvania and is, or was at all relevant times, a shareholder, officer and director of DAVID RANDALL ASSOCIATES, INC.

12.     On information and belief, RAYMOND MILEY III approved, authorized and participated in a scheme to broadcast faxes by (a) directing a list to be purchased and assembled; (b) directing and supervising employees and third parties to send the faxes; (c) creating and approving the form of faxes to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving and paying third parties to send the faxes.

## FACTS

13.     On or about April 4, 2006 and May 15, 2006, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff.  Copies of the facsimiles are attached hereto and marked as Exhibit A.

14.    Defendants sent the same form facsimile to more than Here, Defendants'
advertisements were successfully sent 44,832 without error to 29,113 unique
fax numbers during the period March 29, 2006, through May 16, 2006.

15.    Defendants did not have Plaintiff's prior express invitation or permission to send
facsimiles to Plaintiff's fax machine. On information and belief, Defendants did not have prior
express invitation or permission to send facsimiles to any of the other recipients of Defendants'
faxes.

16.    There is no reasonable means for Plaintiff or any other putative class member to
avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent
communications their owners desire to receive.

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

17.    In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the
Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of
persons (the "Class"):

>   All persons who were successfully sent one or more faxes during
>   the period March 29, 2006, through May 16, 2006, stating, "ROOF
>   LEAKS???  REPAIRS AVAILABLE  Just give us a call and let
>   our professional service technicians make the repairs!" and
>   "CALL: David/Randall Associates, Inc. TODAY."

Excluded from the Class are Defendants, their officers, directors, employees, agents, and the
members of the Judiciary.

18.    Numerosity [Fed. R. Civ. P. 23(A)(1)].  The class includes thousands of persons
and, therefore, is so numerous that individual joinder would be impracticable.

19.   Commonality [Fed. R. Civ. P. 23(A)(2)].  Common questions of law and fact apply to the claims of all class members, including but not limited to the following:

a.      Whether Defendants sent unsolicited fax advertisements;

b.      Whether Defendants' facsimiles advertised the commercial availability of property, goods or services;

c.      The manner and method used to compile or obtain the list of fax numbers to which Defendants sent Exhibit A and other unsolicited faxed advertisements;

d.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

e.      Whether Defendants violated the provisions of 47 U.S.C. § 227;

f.      Whether Plaintiff and the other members of the Class are entitled to statutory damages; and

g.      Whether Defendants sent the faxed advertisements knowingly and, if so, whether the Court should treble the statutory damages.

20.   Typicality [Fed. R. Civ. P. 23(a)(3)].  Plaintiff's claims are typical of the claims of all class members.  Plaintiff received a facsimile sent by or on behalf of Defendants that advertised Defendants' goods and services during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute, and Defendants have acted the same or in a similar manner with respect to Plaintiff and all the class members.

21.   Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)].  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

22.     <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>.  Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions.  As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute – *i.e.* 47 U.S.C. § 227.  Common fact issues also predominate.  Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims.  Certifying a class is the "superior" way where, as here, the class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.

23.     The TCPA makes unlawful the use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine. 47 U.S.C. § 227(b)(1).

24.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

25.     The TCPA provides:

  3.  <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

  (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

  (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

6

(C)     Both such actions.

26.     The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

27.     Defendants knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (b) that Plaintiff and the other class members did not have an established business relationship, and (c) that Exhibit A is an advertisement.

28.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' faxes used Plaintiff's fax machine, cost Plaintiff time that was wasted receiving, reviewing and routing Defendants' illegal faxes that otherwise would have been spent on Plaintiff's business activities, and unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

29.     Defendants violated 47 U.S.C. § 227, *et seq.* by transmitting Exhibit A to Plaintiff and the other members of the Class without obtaining their prior express permission or invitation.

**WHEREFORE**, Plaintiff CITY SELECT AUTO SALES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III, jointly and severally, as follows:

7

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B.      That the Court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation or $1,500.00 for each willful violation, whichever is greater;

C.      That the Court enjoin Defendants from additional violations; and

D.      That the Court award costs and all other relief that the Court may deem just and proper.

## COUNT II

## CONVERSION

30.     Plaintiff incorporates paragraphs 3 and 4, and 6 through 16 as and for its paragraph 31.

31.     In accordance with New Jersey Court Rule 4:32-1, Plaintiff brings Count II for conversion under the common law for the following class of persons (the "Class"):

> All persons who were successfully sent one or more faxes during the period March 29, 2006, through May 16, 2006, stating, "ROOF LEAKS???  REPAIRS AVAILABLE  Just give us a call and let our professional service technicians make the repairs!" and "CALL: David/Randall Associates, Inc. TODAY."

32.     A class action is proper in that:

a.      On information and belief the Class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the Class predominating over all questions affecting only individual class members, including:

       i.      Whether Defendants engaged in a pattern of sending unsolicited faxes;

       ii.      The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

       iii.      Whether Defendants committed the tort of conversion.

33.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the Class.

34.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interests of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

35.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly converted their fax machines, toner and paper to their own use.  Defendants also converted Plaintiff's employees' time to Defendants' own use.

36.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

37.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.  Such misappropriation was wrongful and without authorization.

38.     Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

39.    Plaintiff and the other class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

40.    Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unauthorized faxes.  Defendants knew or should have known employees' time is valuable to Plaintiff.

41.    Defendants' actions caused damages to Plaintiff and the other members of the Class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.  Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes, and that time otherwise would have been spent on Plaintiff's business activities.

**WHEREFORE**, Plaintiff, CITY SELECT AUTO SALES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, DAIVD RANDALL & ASSOCIAETS, INC. and RAYMOND MILEY II, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

10

B.      That the Court award damages, costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

**SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.**


BY:    *S/Alan C. Milstein*
        **Alan C. Milstein
        East Gate Corporate Center
        308 Harper Drive Suite 200
        Moorestown, NJ  0857
        Telephone:  (856) 662-0700
        FAX:  (856) 488-4744
        Counsel for Plaintiff, City Select Auto
        Sales, Inc. individually and as the
        representative of a class of similarly-
        situated persons and the Class**


**DATE:       Tuesday, May 10, 2011**

**Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500**

**Philip A. Bock
Bock & Hatch, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL  60620
Telephone:  312/658-5500**