UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) Electronically Filed<br><br>Civil Action No.<br>11-cv-02658-JBS-KMW |
| Plaintiff, | ) |
| v. | ) [Proposed] Motion Date: October 17, 2011 |
| DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III, | ) ) ) |
| Defendants. | ) |

To: F. Emmett Fitzpatrick, III
   Flamm Walton PC
   794 Penllyn Pike
   Blue Bell, PA 19422-1669
   Attorney for Defendants
   **VIA ECF**


PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

Alan C. Milstein, Esq.
*Sherman, Silverstein, Kohl, Rose, and Podolsky*
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856/662-0700
Facsimile: 856/488-4744
*Attorneys for Plaintiff*

1

# Table of Contents

Introduction .................................................................................................. 1

Factual Background ....................................................................................... 1

Legal standard ............................................................................................... 2

I.   Plaintiff's TCPA claim is not time-barred. ........................................... 3

II.  Plaintiff's claims are not barred by the "entire controversy doctrine." ................. 4

    A.   Defendants' application of the entire controversy doctrine here would contravene Fed. R. Civ. P. 23 and relevant Supreme Court precedent. ......... 5

    B.   The Third Circuit has previously rejected Defendants' arguments. .............. 6

III. Plaintiff's class claims should not be stricken. ................................... 7

    A.   Plaintiff should be permitted to amend the Complaint. ................................ 7

    B.   Class certification should not be determined at the pleading stage. ............. 8

IV.  This court is entitled to assert diversity jurisdiction over Plaintiff's TCPA claim.. ....................................................................................... 10

V.   Plaintiff is entitled to plead a federal class action under the TCPA. ................. 11

    A.   *Shady Grove* expressly bars state courts from limiting federal jurisdiction over Fed. R. Civ. P. 23 class actions. ............................................................. 11

    B.   There is no basis to categorically bar TCPA class actions. ........................... 13

    C.   Many courts have certified TCPA classes. .................................................... 13

Conclusion ..................................................................................................... 15

## <u>Table of Authorities</u>

**Cases**

*American Home Servs., Inc. v. A Fast Sign Co., Inc.*, 651 S.E.2d 119 (Ga. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) . . . . . . . . . . . 3, 5

*Anderson Office Supply, Inc. v. Advanced Medical Associates, P.A., et al.*, 09 CV 178 (Kansas Dist. Ct. Nov. 17, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . 3

*Babb Real Estate LLC, v. Bennett and Olstad*, 10-cv-119-wmc, Opinion and Order (W.D. Wisc. July 29, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007) . . . . . . . . . . . . . . . . . . . . . 3

*Blitz v. Aegean, Inc.*, 677 S.E.2d 1 (N.C. App. 2009) . . . . . . . . . . . . . . . . . . . . . . 14

*Bridgeview v. Clark*, 09 C 5601 (N.D. Ill. Sept. 30, 2011) . . . . . . . . . . . . . . . . . . 14

*Califano v. Yamasaki,* 442 U.S. 682, 700 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009) . . 14

*Cogdell v. Hospital Center,* 116 N.J. 7, 15 (1989) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 179 (3d Cir. 1994) . . . . . . 6

*Core Funding Group, LLC v. Young*, 792 N.E. 2d 547 (Ind. App. 2003) . . . . . . . . 14

*Creative Montessori Learning Center v. Ashford Gear*, No. 09 C 3963, Memorandum Opinion and Order (N.D. Ill. July 27, 2011) . . . . . . . . . . . . . . . . . . 14

*Critchfield Physical Therapy v. The Taranto Group, Inc.*, Cs. No. 101,949,__ Slip Op. __ (no further citation available) (KS Supreme Ct. Sept. 30, 2011) . . . . . . . . 14

*Delgozzo v. Kenny*, 266 N.J. Super. 169, 181 (App. Div. 1993) . . . . . . . . . . . . . 5, 8

*Dent v. Cunningham*, 786 F.2d 173, 1986 U.S. App. LEXIS 23206 (3d Cir. 1986)   10

*Display Funding Group, Inc. v. Graphic House Sports Promotions, Inc.*, 992 So.2d 510 (La. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451 (La. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*ErieNet, Inc. v. Velocity Net*, Inc., 156 F.3d 513 (3d Cir. 1998) . . . . . . . . . . 10, 11

*Exclusively Cats Veterinary Hospital v. Anesthetic Vaporizer Services, Inc.*, No. 10-10620, 2010 WL 5439737, (E.D. Mich. Dec. 27, 2010) . . . . . . . . . . . . . . . . . . . . . 14

*Foreman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995) . . . . . . . . . . . . 15

*G. Winter's Sailing Center, Inc. v. David Randall Assocs., Inc.,* BUR-L-1522-09 (N.J. Superior Court, Law Division, Burlington County) . . . . . . . . . . . . . . . . . . . . . . . . 2

*G.M. Sign, Inc. v. Finish Thompson, Inc.,* No. 07 CV 5953, 2009 WL 2581324 (N.D. Ill. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*G.M. Sign, Inc. v. Franklin Bank, S.S.B.,* No. 06 C 949, 2008 WL 3889950 (N.D. Ill. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Goans Acquisition, Inc. v. Hard Wok Cafes, Inc.,* No. 0931-CV17797, Order Granting Plaintiff's Motion For Class Certification, (Cir. Ct. Greene County, MO June 2, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Green v. Service Master On Location Services Corp.,* No. 07 C 4705, 2009 WL 1810769 (N.D. Ill. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gutierrez v. Johnson & Johnson, Inc.,* 2002 U.S. Dist. LEXIS 15418, *16 (D. N.J. Aug. 12, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Guy's World, Inc. v. Condon,* 1 So.3d 240 (Fla. App. 2008) . . . . . . . . . . . . . . . . . 14

*Hinman v. M and M Rental Ctr., Inc.,* 545 F. Supp. 2d 802, 807-808 (N.D. Ill. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hooter's of Augusta, inc. v. Nicholson,* 537 S.E.2d 468 (Ga. App. 2000) . . . . . . . . 14

*Hypertouch, Inc. v. Superior Court ex rel. Perry Johnson, Inc.,* 27 Cal. Rptr. 3d (Cal. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Jackson's Five Star Catering, Inc. v. Beason,* No. 10-10010 (order) (E.D. Mich. April 20, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004) . . . . . . . . . . . . . . . . . . 3

*Kaufman v. ACS Sys., Inc.,* 2 Cal. Rptr. 3d 296 (Cal. App. 2003) . . . . . . . . . . . . . 14

*Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642, 645 (W.D. Wash. 2007) . . . . . . . . 14

*Lampkin v. GGH, Inc.,* 146 P.3d 847 (Okla. App. 2006) . . . . . . . . . . . . . . . . . . . . 14

*Landsman & Funk PC v. Skinder-Strauss Associates,* 640 F.3d 72 (3d Cir. 2011) 9, 10, 11

*Lee v. Carter-Reed Co., LLC,* 203 N.J. 496, 533-534 (2010) . . . . . . . . . . . . . . . . 15

*Local Baking Prods., Inc. v. Kosher Bagel Munch, Inc.,* 23 A.3d 469 (N.J. App. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1194 (11th Cir. 2007) . . . . . . . . . 12

*Max v. Republican Committee of Lancaster County,* 587 F.3d 198, 200 (3d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mims v. Arrow Fin. Servs., LLC,* No. 10-12077, 2010 WL 4840430 (11th Cir. Nov. 30, 2010) (*cert. granted,* --- S.Ct. ---, 2011 WL 1212225 (Mem) (U.S., June 27, 2011) 9

*Mystic Isle Development Corp. v. Perskie & Nehmad*, 142 N.J. 310, 322 (1995) . . 5

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985) . . . . . . . . . . . 5, 6

*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) . . . . . . . . . . . 3

*Pittston Co. v. Sedgwick James of New York*, 971 F. Supp. 915, 919 (D. N.J. 1997) 10

*Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Roman v. ESB, Inc., 550 F.2d 1343, 1355-1356 (4th Cir. 1976) . . . . . . . . . . . . . . 5

*Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. 2008) 14

*Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560, 562(7th Cir. May 26, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431, 1470-71 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 15

*Shady Grove v. Orthopedic Assocs., P.A. v.Allstate Ins. Co.*, 466 F. Supp. 2d 467 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*South Broward Hospital Dist. v. Medquist, Inc.*, 516 F. Supp. 2d 370, 401 (D. N.J. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 679 F. Supp. 2d 894 (N.D. Ill. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*U.S. Underwriters Ins. Co. v. Liberty Mut. Ins. Co.*, 80 F.3d 90, 93 (3d Cir. 1996) 10

*Villines v. Harris*, 487 F. Supp. 1278, 1279 (D.N.J. 1980) . . . . . . . . . . . . . . . . . 10

*Villines v. Harris*, 487 F. Supp. 1278, 1279 FN1 (D. N.J. 1980) . . . . . . . . . . . . . 10

*Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004) . . . . . . . . . . . . . . 9

*Weiss v. Waterhouse Securities, Inc.*, 781 N.E. 2d 1105 (Ill. App. Ct. 2002) . . . . . . 9

*Zelma v. Konikow*, 879 A.2d 1185, 1186 (N.J. App. 2005) . . . . . . . . . . . . . . . . . 3

**Statutes**

Consumer Protection Act, 47 USC § 227 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

*N.J.S.A.* 56:8-1 to -181 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*N.J.S.A.* 56:8-157 to 160 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA") . . . . . . . . vi, 12

No table of authorities entries found.**Rules**

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Third Circuit Local Appellate Rule 28.3(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Treatises**

2 Conte & Newberg, Newberg on Class Actions (4th ed. 2002) § 4:46 . . . . . . . . . .  6

7AA Wright, Miller, & Kane, *Federal Practice & Procedure Civil* § 1785.3 (3d 2005)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

## Introduction

Plaintiff, City Select Auto Sales, Inc. ("Plaintiff"), respectfully requests that the Court deny the Motion to Dismiss ("Mot.") filed by Defendants David Randall Associates, Inc. and Raymond Miley III ("Defendants"). Defendants argue that: Plaintiff's Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA") count is barred by the statute of limitations; Plaintiff's claims are barred by New Jersey's "entire controversy doctrine"; Plaintiff's class allegations should be stricken; this Court lacks subject matter jurisdiction; and Plaintiff is barred from certifying a TCPA class in federal court.

Defendants' arguments are wrong. <u>First</u>, Plaintiff's TCPA claim was tolled due to a previous class action concerning Defendants' TCPA violations that was settled on an individual basis. <u>Second</u>, putative class members in an action that settled on an individual basis are not precluded from litigating their claims by the "entire controversy doctrine." <u>Third</u>, any errors in the Complaint may be remedied through a more definite statement. <u>Fourth</u>, the Third Circuit Court of Appeals affirmed federal courts' ability to assert diversity jurisdiction over TCPA actions, which is persuasive here. <u>Fifth</u>, Plaintiff is entitled to plead a class action under a federal statute, and numerous federal courts nationwide have certified TCPA classes.

## Factual Background

Defendants contracted with a business named "Business To Business Solutions" (B2B) to fax advertisements for Defendants. On March 29, April 4, April 13, April 14, May 15, and May 16, 2006, B2B successfully sent 44,832 faxes for

1

Defendants to 29,113 unique telephone fax numbers. *See* Class Action Complaint, ¶ 14. (Doc. # 1). Plaintiff received one of Defendants' fax advertisements on April 4, 2006 and May 15, 2006. *Id.,* ¶ 13. The Telephone Consumer Protection Act (the "TCPA") forbids the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). An unsolicited advertisement is one sent without the recipient's "prior express invitation or permission." 47 U.S.C. § 227(a)(5). Junk faxing has been called "advertising by theft" and the TCPA relies on private enforcement.

This is the second putative class action brought against Defendant David Randall Associates, Inc. On May 4, 2009, (approximately three years after Defendants sent the subject fax advertisements) another plaintiff filed a class action suit in state court, which tolled the statute of limitations for the entire class, including Plaintiff. *G. Winter's Sailing Center, Inc. v. David Randall Assocs., Inc.,* BUR-L-1522-09 (N.J. Superior Court, Law Division, Burlington County) (the "*G. Winter's* action"). The court in the *G. Winter's* action did not resolve class certification. In April 2011, the *G Winter's* action was resolved on an individual basis. Then, on May 11, 2011, Plaintiff filed this action.

## <u>Legal standard</u>

In disposing of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, ".... courts generally must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"

*Max v. Republican Committee of Lancaster County*, 587 F.3d 198, 200 (3d Cir. 2009), *quoting Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In order "[t]o withstand a Rule 12(b)(6) motion, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Id.*, *quoting Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

<u>Argument</u>

## I.   Plaintiff's TCPA claim is not time-barred.

Defendants incorrectly argue that Plaintiff's claim is barred by the applicable statute of limitations, 28 U.S.C. § 1658. Section 1658 provides a 4-year limitations period for TCPA claims. Mot. at 2.; *see Zelma v. Konikow*, 879 A.2d 1185, 1186 (N.J. App. 2005), *citing Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) (Section 1658 provides a "catch-all" four-year statute of limitations period for claims arising under an Act of Congress enacted after December 1, 1990 [the TCPA was enacted in 1991] that lack a specific statute of limitations). However, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Recently, the Seventh Circuit Court of Appeals issued an opinion holding that *American Pipe* tolling applies to TCPA actions filed in state court. *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560, 562(7th Cir. May 26, 2011).

3

Here, Defendants' TCPA violations occurred between March and May of 2006. *See* Compl., ¶ 13 (alleging that Plaintiff received Defendants' fax advertisements on or about April 4, 2006 and May 15, 2006). The *G. Winter's* plaintiff filed its putative class action in New Jersey state court on May 4, 2009, well within the limitations period. *See G. Winter's* Complaint, attached as <u>Exhibit A</u> hereto. Pursuant to *American Pipe*, that tolled the statute of limitations as to Plaintiff and the other class members. The *G. Winter's* plaintiff settled individually with Defendants in approximately April 2011. One month later, in May 2011, Plaintiff filed the instant case. Consequently, Plaintiff's TCPA claim is not time-barred.

Defendants want this Court to ignore *American Pipe* and instead suggest that for such tolling to occur, class certification would be a necessary precondition. Mot. at 2-3. Defendants are wrong as *American Pipe* expressly applies to "all asserted members of the class" and where the subject litigation has <u>not</u> "been permitted to continue as a class action." 414 U.S. at 554. Therefore, class certification is not required to trigger *American Pipe* tolling. Defendants' statute of limitations-related arguments fail as a matter of law.

## II.   Plaintiff's claims are not barred by the "entire controversy doctrine."

Next, Defendants argue that Plaintiff's claims are precluded by New Jersey's "entire controversy doctrine" because Plaintiff and the class "were required to be identified and joined in the earlier *Winter's* case. But the entire controversy doctrine does not bar the claims of absent class members in a putative class action

4

that was never certified. In fact, the Third Circuit Court of Appeals has rejected arguments identical to the one Defendants make here.

> A.   **Defendants' application of the entire controversy doctrine here would contravene Fed. R. Civ. P. 23 and relevant Supreme Court precedent.**

The entire controversy doctrine provides as follows:

> [T]he adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in the litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy. [*Mystic Isle Development Corp. v. Perskie & Nehmad*, 142 N.J. 310, 322 (1995), *citing Cogdell v. Hospital Center,* 116 N.J. 7, 15 (1989).]

By contrast, under Federal Rule 23,[1] class members can't be bound by judgments on the merits prior to class certification. *See American Pipe*, *supra*, 414 U.S. at 547; *see also Roman v. ESB, Inc.*, 550 F.2d 1343, 1355-1356 (4th Cir. 1976) (where no class certified, court's judgment "was res judicata only as to the individual plaintiffs and, should other [class members] wish to bring another action they could do so without any binding restriction being imposed upon them on the merits of their claim.").

To bind an absent class action plaintiff concerning a claim for money damages or similar relief at law, minimal procedural due process protection must be provided. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985). This is because "[a]n unfavorable judgment against a plaintiff class is essentially a declaratory judgment in favor of the defendants, which results in a loss of claims by members of the plaintiff class …." 2 Conte & Newberg, Newberg on Class Actions

---

[1]     This is also true with respect to the *G. Winter's* action, since New Jersey's class action provision, R. 4:32-1, is modeled after Federal Rule 23. *See Delgozzo v. Kenny*, 266 N.J. Super. 169, 181 (App. Div. 1993).

(4th ed. 2002) § 4:46, p. 346.  The absent plaintiff class member must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel.  Additionally, "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Shutts*, 472 U.S. at 812.

### B.   The Third Circuit has previously rejected Defendants' arguments.

The Third Circuit has denied the applicability of the entire controversy doctrine to class actions where the putative class was never certified. In *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 179 (3d Cir. 1994) a worker brought a products liability against a manufacturer alleging pulmonary injury as a result of exposure to hazardous airborne silica particles was not bound by the results of an earlier products liability action, which was purportedly a  Rule 23(b)(3) class action like this one. However, the district court never certified the prior action as a class action, and did not provide notice to the worker. *Id.* at 176. The district court determined that the both the entire controversy doctrine and the doctrine of collateral estoppel barred the worker's claim. *Id.* at 175-176. The Third Circuit reversed, and, echoing *Shutts*, found that "if the district court had ruled favorably to the plaintiff [in the prior class action, the worker] would not have automatically benefitted from that outcome, and hence it would be unfair to bind him to an outcome *un*favorable to him." *Id.* at 179. Moreover, the *Collins* court affirmed *Shutts*' requirement that a class member "receive notice and an opportunity to opt out before he can be bound" *Id.* at 180.

6

The circumstances are no different here. In *G. Winter's*, the named plaintiff attempted to adjourn the trial date in favor of a ruling on plaintiff's motion for class certification. The court denied plaintiff's request. *See* April 7, 2011 letter from Superior Court denying adjournment, attached as <u>Exhibit B</u> hereto. Like the worker in *Collins*, no automatic benefit would have accrued to the Plaintiff here through a favorable judgment in *G. Winter's*: the class was never certified. Proving this point, the *G. Winter's* plaintiff ultimately accepted an individual settlement. Also, like the worker in *Collins*, Plaintiff was never provided notice or the opportunity to opt-out. Accordingly, Plaintiff is not bound by *G. Winter's*, and the entire controversy doctrine does not dispose of Plaintiff's claims.

## III.   Plaintiff's class claims should not be stricken.

### A.   Plaintiff should be permitted to amend the Complaint.

Defendants claim that Plaintiff's class allegations are "completely unintelligible" due to a typo in paragraph 14 of the Complaint and should therefore be stricken. Defendants are wrong. Mot. at 5. Fed. R. Civ. P. 12(e) provides, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Despite the error, paragraph 14 states, in part, "Here, Defendants' advertisements were successfully sent ... without error to 29,113 fax numbers

during the period March 29, 2006 through May 16, 2006." While flawed, it is clearly intelligible. Furthermore, Defendants simply ignore Rule 12(e), which grants a party 14 days after notice of an order requiring a more definite statement to amend the defective pleading accordingly. The pleading will only be stricken if the pleader fails to comply with such an order. Here, Defendants have not moved for a more definite pleading, and no order requiring one has been issued. As a result, Defendants' request that the Complaint be stricken is premature.

### B.  Class certification should not be determined at the pleading stage.

Defendants seek to litigate class certification under the caption of a motion to dismiss. While "New Jersey courts, as well as federal courts after which our rule is modeled, have consistently held that the class action rule should be liberally construed[,]" *Delgozzo v. Kenny*, 266 N.J. Super. 169, 181 (App. Div. 1993), such concerns are premature at the pleading stage. *See South Broward Hospital Dist. v. Medquist, Inc.*, 516 F. Supp. 2d 370, 401 (D. N.J. 2007) ("Dismissal of class allegations at this stage should be done rarely and the better course is to deny such a motion."). This is because "the shape and form of a class action evolves only through the process of discovery." *Gutierrez v. Johnson & Johnson, Inc.*, 2002 U.S. Dist. LEXIS 15418, at *16 (D. N.J. Aug. 12, 2002). "The practice employed by the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery." *South Broward Hospital Dist.*, *supra*, 516 F. Supp. 2d at 402, *citing* 7AA Wright, Miller, & Kane, *Federal Practice & Procedure Civil* § 1785.3 (3d 2005). As the Appellate Court of Illinois summarized, "[a] motion for certification and a motion to dismiss ... are not the same thing and involve separate

8

and distinct inquiries." *Weiss v. Waterhouse Securities, Inc.*, 781 N.E. 2d 1105, 1112 (Ill. App. Ct. 2002), *aff'd* 804 N.E. 2d 546 (Ill. 2004).

The Court should decline Defendants' invitation to strike Plaintiff's class claims before discovery has been completed by the parties, and on less than a complete record. Plaintiff has reached to out to defense counsel, and the parties agree that the Court should take up Plaintiff's Motion for Class Certification only after resolving the pending Motion to Dismiss. Plaintiff has filed a bare-bones class certification motion (Doc. # 4) in order to avoid improper "pick-off" tactics aimed at "buying off" the named plaintiff. *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004). Upon resolution of Defendants' Motion to Dismiss, Plaintiff will submit a brief in support of its Motion for Class Certification. Defendants and Plaintiff should then be granted an appropriate period in which to respond and reply.

## IV.   This court is entitled to assert diversity jurisdiction over Plaintiff's TCPA claim.

Defendants argue that "New Jersey state courts have exclusive jurisdiction over private claims under the TCPA claims." Mot. at 6. Defendants' argument is erroneous.[2] In *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72 (3d Cir. 2011), *reh'g en banc granted*, 650 F.3d 311 (3d Cir. 2011), the Third Circuit held that:

---

[2]      Jurisdiction over TCPA claims is by no means a settled matter. *See Mims v. Arrow Fin. Servs., LLC*, No. 10-12077, 2010 WL 4840430 (11th Cir. Nov. 30, 2010) (*cert. granted*, --- S.Ct. ---, 2011 WL 1212225 (Mem) (U.S., June 27, 2011) (granting certiorari to determine whether the Eleventh Circuit erred in holding that state courts have exclusive jurisdiction over private TCPA actions). Defendant's representations to the contrary are incorrect.

> We do not find the TCPA's language sufficiently clear or forceful enough to deprive federal courts of diversity jurisdiction over TCPA claims. Nothing in § 227(b)(3) or the overall statute indicates that Congress intended for individual claims brought under the TCPA to operate any differently than other suits between diverse parties where the amount in controversy meets § 1332's requirements. [*Id.* at 85.]

In a previous decision, *ErieNet, Inc. v. Velocity Net*, Inc., 156 F.3d 513 (3d Cir. 1998), the Third Circuit ruled that there is no federal question jurisdiction over claims arising under the TCPA, but did not address the same issue where diversity formed the jurisdictional basis.

Defendants counter that the Appellate Division of the New Jersey Superior Court has held otherwise, and that "a District Court sitting in diversity is compelled to apply the law of the forum state." Mot. at 6-7, *citing Dent v. Cunningham*, 786 F.2d 173, 1986 U.S. App. LEXIS 23206 (3d Cir. 1986). "The rulings of intermediate [state] appellate courts must be accorded significant weight and should not be disregarded absent a persuasive indication that the highest state court would rule otherwise." *U.S. Underwriters Ins. Co. v. Liberty Mut. Ins. Co.*, 80 F.3d 90, 93 (3d Cir. 1996) (citations omitted). However, in its appellate rules, the Third Circuit limits the definition of *binding* authority to "U.S. Supreme Court decisions, published decisions of this court, or, in diversity cases, decisions of the highest state court." Third Circuit Local Appellate Rule 28.3(b). That definition, in turn, governs this Court, which is bound by decisions of the Third Circuit. *Pittston Co. v. Sedgwick James of New York*, 971 F. Supp. 915, 919 (D. N.J. 1997) (Wolin, J.).

In this case, the "highest state court," *i.e.*, the New Jersey Supreme Court, has not ruled on whether New Jersey state courts have exclusive jurisdiction over

private TCPA claims. While *Landsman* has been reset for rehearing *en banc*, the fact remains that in *Landsman* – published Third Circuit guidance on the question at issue – the court determined that federal diversity jurisdiction exists over private TCPA claims. *Landsman*, 640 F.3d at 85. *Landsman* did not contradict *ErieNet*, which left the diversity question unanswered. Because this Court is bound by Third Circuit decisional law, and not rulings of the Appellate Division of the Superior Court of New Jersey, *Landsman* should be followed here. At the very least, the Court should decline to dismiss this action on jurisdictional grounds in light of the Third Circuit's imminent *en banc* ruling.

**V.     Plaintiff is entitled to plead a federal class action under the TCPA.**

> **A.     *Shady Grove* expressly bars state courts from limiting federal jurisdiction over Fed. R. Civ. P. 23 class actions.**

Defendants wrongly state that this Court is bound by the Appellate Division of the Superior Court of New Jersey's determination that "TCPA claims may not be brought as class actions in New Jersey." Mot. at 8; *see Local Baking Prods., Inc. v. Kosher Bagel Munch, Inc.*, 23 A.3d 469 (N.J. App. 2011).[3] Per the U.S. Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431 (2010), *Local Baking* does not apply here. In *Shady Grove*, the Eastern District of New York upheld a state statute (N.Y. Civ. Prac. Law Ann. § 901(b)) that limited federal jurisdiction over class actions. *Shady Grove v. Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 466 F. Supp. 2d 467 (E.D.N.Y. 2006) The Second Circuit affirmed the decision of the district court, and, in doing so, concurred with the view

---

[3]     In addition, *Local Baking* is currently the subject of a yet-unresolved appeal to the New Jersey Supreme Court. See Supreme Court Docket No.: 069084.

that § 901 was properly applied by the lower court and, therefore, did not conflict with Rule 23. *See* 549 F.3d 137 (2008). The Supreme Court reversed the Second Circuit and held that "Rule 23 unambiguously authorizes any plaintiff, in any federal civil proceeding, to maintain a class action if the Rule's prerequisites are met. We cannot contort its text, even to avoid a collision with a state law that might render it invalid." *Shady Grove*, 130 S.Ct. at 1442 (emphasis added). As a matter of black letter law, New Jersey's Appellate Division lacks the decisional authority to limit Plaintiff's ability to plead a Rule 23 class action pursuant to a federal statute in a federal court.

"[The Class Action Fairness Act, or] CAFA  provides federal courts with jurisdiction over class actions provided that: the number of plaintiffs in all proposed plaintiff classes exceeds one hundred ... any member of the plaintiff class is diverse from any defendant ... and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007) (citations omitted).

Plaintiff's Complaint alleges that Defendants sent 44,832 faxes in violation of the TCPA to 29,113 fax numbers. Complaint, ¶ 14. The TCPA provides minimum statutory damages of $500 per fax, which can be trebled if the Court finds that the faxes were sent knowingly or willfully. 47 U.S.C. § 227(b)(3). Plaintiff is also diverse from Defendants. Complaint, ¶¶ 9-10. All the requirements of CAFA are met here, and Plaintiff is entitled to submit its Motion for Class Certification for the Court's determination.

### B.    There is no basis to categorically bar TCPA class actions.

Defendants' argument that TCPA claims may never be brought as class actions should be rejected out of hand because the TCPA does not bar class actions. Absent such a bar, class certification is allowed. In *Califano v. Yamasaki,* 442 U.S. 682, 700 (1979), the United States Supreme Court considered this same argument in relation to a different federal statute, 42 U.S.C. § 495(g), which provided that "any individual" could seek review of an adverse decision by the Secretary of Health, Education and Welfare concerning the individual's social security benefits. 441 U.S. at 689-99. The Secretary argued that because the statute only mentioned individual claims, a class action should not be allowed. The Supreme Court rejected this argument, holding that the rules of civil procedure, including the rules governing class certification, apply to all actions unless the statute in question expressly provides otherwise.

The TCPA is no different. It is a federal statute to which *Califano* applies. Indeed, *Califano* was decided more than a decade before Congress passed the TCPA, and it must be assumed that Congress was aware of the decision and its applicability to the availability of class actions for such federal statutory actions

### C.    Many courts have certified TCPA classes.

Aside from being premature, Defendants' objections to Plaintiff's class allegations are substantively unwarranted. Courts have recognized that TCPA actions are well-suited to class certification. In particular, the uniquely *en masse* nature of fax broadcasting operations renders TCPA cases ideal for class certification. *Hinman v. M and M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 807-808

(N.D. Ill. 2008). Numerous state[4] and federal courts[5] have certified TCPA class

actions involving facts <u>identical</u> to those at issue here, with many involving the

same fax broadcaster – Business to Business Solutions ("B2B") – hired by

Defendants. In addition, New Jersey has its own state-law version of the TCPA,

which is amenable to class actions. *See N.J.S.A.* 56:8-157 to 160 ("NJ TCPA"). The

---

[4]      *See Critchfield Physical Therapy v. The Taranto Group, Inc.*, Cs. No. 101,949,__ Slip Op. __ (no further citation available) (KS Supreme Ct. Sept. 30, 2011); *Goans Acquisition, Inc. v. Hard Wok Cafes, Inc.*, No. 0931-CV17797, Order Granting Plaintiff's Motion For Class Certification, (Cir. Ct. Greene County, MO June 2, 2011); *Guy's World, Inc. v. Condon*, 1 So.3d 240 (Fla. App. 2008); *Display Funding Group, Inc. v. Graphic House Sports Promotions, Inc.*, 992 So.2d 510 (La. App. 2007); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451 (La. App. 2007); *Hypertouch, Inc. v. Superior Court ex rel. Perry Johnson, Inc.*, 27 Cal. Rptr. 3d (Cal. App. 2005); *American Home Servs., Inc. v. A Fast Sign Co., Inc.*, 651 S.E.2d 119 (Ga. App. 2004); *Core Funding Group, LLC v. Young*, 792 N.E. 2d 547 (Ind. App. 2003); *Hooter's of Augusta, inc. v. Nicholson*, 537 S.E.2d 468 (Ga. App. 2000). *See also Blitz v. Aegean, Inc.*, 677 S.E.2d 1 (N.C. App. 2009); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. App. 2006); *Kaufman v. ACS Sys., Inc.*, 2 Cal. Rptr. 3d 296 (Cal. App. 2003); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 50 P.3d 844 (Ariz. App. 2002) (reversing denials of class certification of TCPA claims).

[5]      *See Hinman*, *supra*, 545 F. Supp. 2d at 807-808; *CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009), *app. denied* (September 9, 2009); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 CV 5953, 2009 WL 2581324 (N.D. Ill. Aug. 20, 2009); *Green v. Service Master On Location Services Corp.*, No. 07 C 4705, 2009 WL 1810769 (N.D. Ill. June 22, 2009); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2008 WL 3889950 (N.D. Ill. Aug. 20, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 645 (W.D. Wash. 2007); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 679 F. Supp. 2d 894 (N.D. Ill. 2010); *Exclusively Cats Veterinary Hospital v. Anesthetic Vaporizer Services, Inc.*, No. 10-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) (slip opinion); *Jackson's Five Star Catering, Inc. v. Beason*, No. 10-10010 (order) (E.D. Mich. April 20, 2011); *Creative Montessori Learning Center v. Ashford Gear*, No. 09 C 3963, Memorandum Opinion and Order (N.D. Ill. July 27, 2011); *Babb Real Estate LLC, v. Bennett and Olstad*, 10-cv-119-wmc, Opinion and Order (W.D. Wisc. July 29, 2011); *Bridgeview v. Clark*, 09 C 5601 (N.D. Ill. Sept. 30, 2011).

NJ TCPA is part of the Consumer Fraud Act ("CFA") *N.J.S.A.* 56:8-1 to -181. The Supreme Court of New Jersey has held that CFA claims – which include NJ TCPA claims – may be pursued as class actions. *See Lee v. Carter-Reed Co., LLC*, 203 N.J. 496, 533-534 (2010).

By contrast, Defendants cite only *Foreman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995), for federal law in support of their argument. Mot. at 9. That court disapproved of certification of classes alleging TCPA claims, citing *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972). In *Ratner*, the district court denied class certification on the ground that awarding statutory damages to all of the class members would result in "horrendous, possibly annihilating punishment, unrelated to any damage to the purported class or to any benefit to defendant." *Id.* More recently, the Supreme Court has barred federal courts from issuing *Ratner*-like denials of class certification where based on state law. *See Shady Grove*, *supra*, 130 S. Ct. at 1443 (2010) (defendant's "aggregate liability ... does not depend on whether the suit proceeds as a class action," because "[e]ach of the ... members of the putative class could ... bring a freestanding suit asserting his individual claim."). *Foreman*, therefore, has been undermined in significant part, and should not be followed by this Court.

<u>Conclusion</u>

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss.

15

Dated: October 3, 2011

Respectfully submitted,

CITY SELECT AUTO SALES, INC.,
individually and as the representative of a
class of similarly-situated persons.

By:   s/*Alan C. Milstein*
 Alan C. Milstein,
 One of Plaintiff's Attorneys

*Sherman, Silverstein, Kohl, Rose,*
*and Podolsky*
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856/662-0700
Facsimile: 856/488-4744
*Attorneys for Plaintiff*

OF COUNSEL:

Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500

Phillip A. Bock
Bock & Hatch, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL  60620
Telephone:  312/658-5500