SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
A Professional Corporation
Alan C. Milstein, Esquire
4300 Haddonfield Road, Suite 311
Pennsauken, New Jersey 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Attorneys for Plaintiff G. Winter's Sailing Center, Inc.*

SUPERIOR COURT OF NJ
Burlington County
FILED
MAY - 4 2009
Civil Division

DEPUTY CLERK
SUPERIOR COURT
BURLINGTON COUNTY
2009 MAY -4 A 11: 37

| | |
|---|---|
| G. WINTER'S SAILING CENTER, INC., individually and as the representative of a class of similarly-situated persons, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY |
| Plaintiff, | Docket No. BUR-L-1522-09 |
| v. | Civil Action |
| DAVID RANDALL ASSOCIATES, INC., | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, G. WINTER'S SAILING CENTER, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, DAVID RANDALL ASSOCIATES, INC.

### PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA and negligent damage to personal property.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in Burlington County because some of the tortious acts took place in Burlington County, New Jersey. See R. 4:3-2.

7. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

8. Plaintiff is a New Jersey corporation with its principal place of business in Burlington County, New Jersey.

9. On information and belief, Defendant, DAVID RANDALL ASSOCIATES, INC., is a Pennsylvania corporation.

## FACTS

10. On or about April 4, 2006, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

11. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

12. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

13. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

14. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

15. In accordance with New Jersey Court Rule 4:32-1, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

16. A class action is warranted because:

   (a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

3

 (b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

  (i) Whether Defendant sent unsolicited fax advertisements;

  (ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

  (iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

  (iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

  (v) Whether Defendant violated the provisions of 47 USC § 227;

  (vi) Whether Plaintiff and the other class members are entitled to statutory damages;

  (vii) Whether Defendant should be enjoined from faxing advertisements in the future; and

  (viii) Whether the Court should award trebled damages.

17. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

18. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

19. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

20. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

21. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

22. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

23. Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

24. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

25. Defendant knew or should have known that (A) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax

advertisements about Defendant's goods or services, (B) that Defendant did not have an established business relationship with Plaintiff and the other class members, and (C) that Exhibit A was an advertisement.

26. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

27. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, G. WINTER'S SAILING CENTER, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, DAVID RANDALL ASSOCIATES, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.  That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## NEGLIGENT DAMAGE TO PERSONAL PROPERTY

28.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29.  In accordance with New Jersey Court Rule 4:32-1, Plaintiff brings Count II pursuant to the common law damage to personal property on behalf of the following class of persons:

> All persons (1) who on or after six years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.  A class action is warranted because:

(a)  On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)  There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)  Whether Defendant sent unsolicited fax advertisements;

(ii)  Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)  The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

7

(iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendant knew or should have known that Exhibit A was an advertisement;

(vi) Whether Defendant knew or should have known that Defendant was damaging Plaintiff's toner, cartridge, and paper in the transmission of Exhibit A and other unsolicited faxed advertisements;

(vii) Whether Defendant violated the provisions of 47 USC § 227;

(viii) Whether Plaintiff and the other class members are entitled to statutory damages;

(ix) Whether Defendant should be enjoined from faxing advertisements in the future; and

(x) Whether the Court should award trebled damages.

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34. Defendant knew or should have known that: (A) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (B) that Plaintiff and the other class

8

members did not have an established business relationship with Defendant, and (C) that Exhibit A was an advertisement.

35. Defendant breached the duty to Plaintiff and the other class members by Defendant's transmission of its fax advertisements which caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

WHEREFORE, Plaintiff, G. WINTER'S SAILING CENTER, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, DAVID RANDALL ASSOCIATES, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA; and

C. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

Respectfully submitted,

Sherman, Silverstein, Kohl, Rose & Podolsky

By: _____
Alan C. Milstein
Attorneys for Plaintiff
G. WINTER'S SAILING CENTER, INC.,
individually and as the representative of a class of
similarly-situated persons.

5/1/09

OF COUNSEL:

Brian J. Wanca
*Anderson + Wanca*
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Philip A. Bock
*Bock & Hatch, LLC*
134 N. LaSalle Street, Suite 1000
Chicago, IL 60620
Telephone: 312/658-5500

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that the plaintiff demands trial by jury as to all issued in the above matter.

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

By: _____
Alan C. Milstein, Esquire
Attorneys for Plaintiff

Date: 5/1/09

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies as follows:

1. That to the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any court of a pending arbitration proceeding, nor is there any such proceeding contemplated at this time by the plaintiff.

2. That, to the best of my knowledge and belief, there are no other persons who must be jointed in this action.

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

By: _____
Alan C. Milstein, Esquire
Attorneys for Plaintiff

Date: 5/1/09

RECEIVED 2009 MAY -4 A 11:37 DEPUTY CLERK SUPERIOR COURT BURLINGTON COUNTY

**EXHIBIT A**

# ROOF LEAKS???



# REPAIRS AVAILABLE

Just give us a call and let our professional service technicians make the repairs! Our commercial roofing company, established in 1989, services Eastern PA, NJ, and Mid-State DE. We are fully insured and certified in the repair and maintenance of most major roofing systems.

We offer "24/7" Emergency Service for immediate assistance when needed. For larger service maintenance and repair needs, we can quote the job with a specified scope of work.

## CALL: *David/Randall Associates, Inc.* TODAY
## TOLL FREE: 800-799-ROOF (x112)
## Local: 215-256-7950 x112



David/Randall Associates, Inc., P. O. Box 123, Harleysville, PA 19438  (FAX: 215-256-7956)

_____ Sponsor (above) and sender are not affiliated with, nor endorsed by, any charitable organization _____
**Please Contribute to Local Charities Dedicated to Helping the Poor and Homeless**

This charitable appeal sent because a person using your business phone supplied the fax number and permission to send faxes and you did not request us to discontinue. While exempt from most faxing regulations, nonetheless we provide a toll free "Remove" number (below), disclose our name, address, and telephone number (below), and display a date and time stamp (on top). To STOP receiving faxes, call "Remove" (below.) This message is the property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for contents and destinations. Customer Service (718) 360-1330, ext 232, toll free "Remove" (800) 991-9484, ext 399. Warning - You will pay about 50¢ per minute if you use the "800" number internationally.

**"Remove" Hotline, (718) 360-0971, ext 233**