IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CITY SELECT AUTO SALES, INC. individually and as the representative of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID RANDALL ASSOCIATES, INC. & RAYMOND MILEY, III,<br><br>    Defendants. | Civil Action<br>No. 11-2658 (JBS/KMW)<br><br>**OPINION** |

APPEARANCES:

Alan C. Milstein, Esq.
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, PC
Eastgate Corporate Center
308 Harper Drive
Suite 200
Moorestown, NJ 08057
     Counsel for Plaintiff

F. Emmett Fitzpatrick, III, Esq.
FLAMM BOROFF & BACINE PC
794 Penllyn Pike
Blue Bell, Pa 19422
     Counsel for Defendants

**SIMANDLE**, Chief Judge:

**I.   INTRODUCTION**

    This putative class action raises claims under the Telephone Consumer Protection Act, and is before the Court on Defendants' motion to dismiss.  [Docket Item 8.]  Defendants, David Randall Associates, Inc. and Raymond Miley, III, argue that this Court

lacks subject matter jurisdiction over the dispute because state courts have exclusive jurisdiction over Telephone Consumer Protection Act claims; that Plaintiff's claims are barred by the statute of limitations; that Plaintiff's claims are barred by New Jersey's entire controversy doctrine; and that the Complaint cannot be certified as a class action.  As explained further in today's Opinion, the subject matter jurisdiction and res judicata arguments for dismissal are foreclosed by settled law, and the contentions regarding the class claims do not provide a basis for dismissal of the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  The principal issue is therefore whether Plaintiff's claims are timely.  Because, as detailed below, it appears from the face of the Complaint that the statute of limitations was tolled for at least fourteen months, the motion to dismiss will be denied.

**II.  BACKGROUND**

With some exceptions, the Telephone Consumer Protection Act prohibits the sending of unsolicited advertisements to a fax machine.  47 U.S.C. § 227(b)(1)(C).  The statute provides a private right of action to recover actual damages or $500, whichever is greater.  § 227(b)(3)(B).  Prior to the Supreme Court's recent decision in Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 753 (2012), there was some uncertainty about the scope of the federal courts' jurisdiction over Telephone Consumer

2

Protection Act claims.  However, it is now clear that state and federal courts share concurrent jurisdiction over the claims, which arise under federal law.  Id.

According to the Complaint, between March and May of 2006, Defendants sent unsolicited faxes to Plaintiff and 29,112 other unique fax numbers advertising roofing services.  Compl. ¶¶ 13-15.  The parties agree that a four-year statute of limitations applies to actions under the Telephone Consumer Protection Act. See 28 U.S.C. § 1658(a).[1]  This case was filed May 10, 2011. [Docket Item 1.]  Thus, unless the statutory period is extended by nearly a year, all of Plaintiff's claims – and those of any other putative class member – would be barred.

Plaintiff contends that its claims were tolled by the pendency of a state court putative class action.  Compl. ¶ 6.  On May 4, 2009, G. Winter's Sailing Center, Inc. filed suit against David Randall Associates, Inc. in New Jersey Superior Court "individually and as the representative of a class of similarly-situated persons," complaining of this same Spring 2006 round of unsolicited faxes allegedly sent by David Randall Associates, Inc.  Compl. ¶ 6; Defs.' Ex. 2 (state complaint).  That state

---

[1] "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [which is Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a); Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 3(a), 105 Stat. 2395 (Dec. 10, 1991).

3

pleading alleged that "On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation."  Ex. 2 ¶ 12.

No motion for class certification was ever filed in the Superior Court action.  Pls.' Opp. Br. Ex. (letter order). Instead, when the plaintiff in that action finally moved for leave to file that motion nearly two years into the action, the state court determined that the motion had come too late and that trial would proceed with the single plaintiff.  Id.  The case then settled shortly after that, and was closed on April 27, 2011.  Defs.' Ex. C (state court docket).

### III.  SUBJECT MATTER JURISDICTION

As mentioned above, after Defendants had filed their motion to dismiss for lack of jurisdiction, the United States Supreme Court clarified that federal courts may hear claims under the Telephone Consumer Protection Act as a matter of federal question jurisdiction pursuant to 28 U.S.C. § 1331, squarely rejecting Defendants' argument for exclusive state court jurisdiction. Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 753 (2012). This Court therefore has subject matter jurisdiction over these claims.

**IV.  AFFIRMATIVE DEFENSES**

    **A.  Standard**

A complaint may be dismissed under Rule 12(b)(6) on the basis of an affirmative defense when the defense appears on the face of the complaint.  Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 n. 10 (3d Cir. 1978).  The statute of limitations and the entire controversy doctrine are both affirmative defenses based on the content of the Complaint's pleadings, and so the Court must simply determine whether Defendants' legal contentions are correct.

    **B.  Statute of Limitations**

        1.  Class Action Tolling Generally

In American Pipe & Const. Co. v. Utah, 414 U.S. 538 (1974), the Supreme Court considered whether a statute of limitations is tolled for members of a pending class action for the period from initiation of that action until class certification is denied. The Supreme Court was concerned that letting the statute run would require potential class members to safeguard their rights by intervening or filing separate actions even while the potential class action was pending, undermining the efficiency goals of the class action procedural vehicle.  Id. at 554; Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345 (1983).

Weighing against this concern for protecting the efficiency of class actions is the policy interest behind statutes of limitations. However, the Supreme Court reasoned that the goals of the statute of limitations were met in the context of class action tolling because defendants are notified "not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." American Pipe, 414 U.S. at 555; Crown, Cork & Seal Co., 462 U.S. at 353. Because of the initiation of the earlier action, "The defendant will be aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class. Tolling the statute of limitations thus creates no potential for unfair surprise." Crown, Cork & Seal Co., 462 U.S. at 353. American Pipe therefore holds that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." American Pipe, 414 U.S. at 553.

The Supreme Court has expanded the class action tolling doctrine to hold that commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action, that the statutory period remains

tolled for all members of the putative class until class certification is denied, and that class members may choose to file their own suits or to intervene as plaintiffs in the pending action.  Crown, Cork & Seal Co., 462 U.S. at 353-54.

In the Third Circuit, American Pipe tolling applies so long as the prior class action never materialized for reasons "unrelated to the appropriateness of the substantive claims for certification" (e.g., commonality of the claims as distinct from adequacy of the representative or numerosity).  McKowan Lowe & Co., Ltd. v. Jasmine, Ltd., 295 F.3d 380, 389 (3d Cir. 2002). And the doctrine applies not only to subsequent intervention or the filing of separate suits, but also to subsequent class action relief sought by the unnamed class members.  Yang v. Odom, 392 F.3d 97 (3d Cir. 2004).

Generally speaking, there is a sufficient connection between the actions when the claims brought in a subsequent suit share a common factual and legal nexus with those brought in the prior class action sufficient to notify the defendants and thereby satisfy the policy goals of the statute of limitations.  Cf. In re Community Bank of Northern Virginia, 622 F.3d 275 (3d Cir. 2010) (acknowledging the persuasiveness of this view of the doctrine without deciding a more specific issue).  When those conditions are satisfied, "there is no persuasive reason for refusing to apply class action tolling, as the defendant will

7

already have received adequate notice of the substantive nature of the claims against it and likely would rely on the same evidence and witnesses in mounting a defense." Id. (citing Crown, Cork & Seal, 462 U.S. at 355 (Powell, J., concurring)). Indeed, class action tolling applies even when the named plaintiff in the earlier putative class lacked standing to bring the tolled claims. Haas v. Pittsburgh National Bank, 526 F.2d 1083 (3d Cir. 1975).

2. Application of American Pipe to Defendants

The grounds raised by Defendants for distinguishing American Pipe are unpersuasive. First, Defendants contend that because the class claims in the G. Winter's Sailing Center, Inc. action were not pursued until nearly two years into the state action, and then denied as untimely, that action should not toll the claims of the putative class members.[2] However, there is no requirement that the underlying action be anything more than a complaint pleaded as a class action. Additional requirements would defeat the purpose of the tolling rule, which applies to situations in which a putative class action never materializes.

---

[2] Defendant does not contend, and it does not appear to the Court that the fact that the prior class action suit was filed in state court is relevant to the application of American Pipe. No rule or policy prohibits cross-jurisdictional tolling. Sawyer v. Atlas Heating and Sheet Metal Works, Inc., 642 F.3d 560, 562 (7th Cir. 2011) (applying American Pipe tolling in federal court based on putative state class action).

See Sawyer v. Atlas Heating and Sheet Metal Works, Inc., 642 F.3d 560, 563 (7th Cir. 2011) (explaining that fact that first judge never ruled on class action status does not defeat tolling); see also McKowan Lowe & Co., Ltd. v. Jasmine, Ltd., 295 F.3d 380 (3d Cir. 2002) (explaining that so long as first putative class action ends for reasons other than definitive rejection of the class mechanism for the claim, tolling applies).

As the Seventh Circuit Court of Appeals has explained, the statute is tolled "until the day the suit is conclusively not a class action." Sawyer, 642 F.3d at 562; see also Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1019 (9th Cir. 2000) (holding that when class certification is never sought, tolling ceases "once the deadline for seeking class certification pass[es]."). The suit can cease to be a class action because of an adverse ruling, voluntary withdrawal, or "perhaps because the defendant buys off the original plaintiff as soon as the statute of limitations runs, hoping to extinguish the class members' claims." Id. Tolling applies in these situations because "[t]he Court's goal of enabling members of a putative class to rely on a pending action to protect their interests can be achieved only if the way in which the first suit ends — denial of class certification by the judge, abandonment by the plaintiff, or any other fashion — is irrelevant." Id.; Accord Culver v. City of Milwaukee, 277 F.3d 908, 914 (7th Cir. 2002).

9

It may be the case that Plaintiff and the putative class should not benefit from the full two years of tolling, since it should have been clear at some earlier point that a motion for class certification would have been untimely. See Aguilera, 223 F.3d at 1019 (holding that tolling ceases once the deadline for certification passes). But nothing in the pleadings or motion indicate that the date on which this became clear was earlier than fourteen months into the state court action. New Jersey law only requires that "the court shall, at an early practicable time, determine by order whether to certify the action as a class action." N.J. Ct. R. 4:32-2(a). Court often do not solicit such a motion until after the completion of basic discovery. See Riley v. New Rapids Carpet Center, 294 A.2d 7 (N.J. 1972) (noting that often class certification should be delayed until after discovery). In order for their claims to be timely, class members would need to toll the statute for a period equal to March 29, 2010 through May 10, 2011, which is a little over a year and a month. On this 12(b)(6) motion, nothing before the Court suggests that the class could not have been timely certified as late as that period of time into the state court action, which is all that is necessary to sufficiently toll the statute of limitations to make this case timely.[3]

---

[3] In discussing the adequacy of the proposed class, Defendants contend that plaintiffs bringing Telephone Consumer Protection Act claims cannot proceed as a class under New Jersey

Second, Defendants contend that Plaintiff and the putative class members in this action are not the kind of plaintiffs who should benefit from class action tolling.  They argue that these class members were not notified of the state action, and so no one was actually refraining from filing suit in light of the state suit.  But the Supreme Court directly addressed this issue, noting that "We think no different a standard should apply to those members of the class who did not rely upon the commencement of the class action (or who were even unaware that such a suit existed) and thus cannot claim that they refrained from bringing timely motions for individual intervention or joinder because of a belief that their interests would be represented in the class suit."  American Pipe, 414 U.S. at 551-52.

Similarly, Defendants contend that each potential plaintiff was on notice of his or her injury before the state action was ever filed, and therefore could have filed suit before any class action brought the wrongdoing to their attention.  But this argument also misunderstands the justifications for and nature of

---

law according to Local Baking Products, Inc. v. Kosher Bagel Munch, Inc., 23 A.3d 469 (N.J. Super. Ct. App. Div. 2011).  They correctly make no attempt to apply this reasoning to the whether American Pipe tolling applies, because Local Baking was decided on July 19, 2011.  While it is at least arguable that the class claims should not be tolled beyond that date since a reasonably diligent class member would conclude that certification of the class action under New Jersey procedural law would be denied, the case provides no basis for rejecting the period of tolling prior to the Appellate Division's July 19 decision.

class action tolling. The justification for class action tolling is to prevent obliging parties to file separate suits to preserve their individual claims in the event the class suit is subsequently denied; the fact that the class members were aware of their injuries only underscores the need to permit them to sit on their rights until they know whether they will be part of a pending class action.

Finally, Defendants contend that no class was "properly declared and identified" in the state court action. Defs.' Reply Br. 3. Defendants are incorrect to state that no class was identified: the state court pleadings identify a class of those companies who received the particular offending fax in a particular time period without having solicited it. Whether this is a sufficiently defined class to be certified or not, this is a sufficiently defined class for the general purpose of determining potential unnamed members and putting Defendants on notice of the claims against them and the evidence they needed to preserve (i.e., preserving evidence about to whom they sent faxes and whether such faxes were solicited). Cf. Crown, Cork & Seal, 462 U.S. at 355 (Powell, J., concurring) (discussing the necessary contiguity of the two actions).

In sum, the Court holds that during at least the first fourteen months of the Superior Court action, before it was clear that it would not become a class action, claims on behalf of

12

unnamed alleged recipients of the unsolicited fax were tolled under American Pipe.  The facts that no class was formally identified and no motion for certification was ever filed, and that class members knew of their injuries but were not on notice of the putative class action, do not mean that the unnamed members are not entitled to tolling.[4]

### C.  Entire Controversy Doctrine

The Entire Controversy Doctrine is a New Jersey state law doctrine that is a form of claim preclusion with a slightly broader scope, but the same basic elements as traditional claim preclusion.  See generally Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883 (3d Cir. 1997).  The only relevant difference is that, unlike ordinary claim preclusion in which the

---

[4] Although Defendant Raymond Miley III was not initially a defendant in the state court matter, the plaintiff in the state court matter evidently sought to add Miley during the pendency of that action. Defs.' Br. 4 n.2.  It is not clear to the Court from the cited matter whether Miley was ever added and served, or what notice Miley had of the efforts to add him to the state court action.  Defendant does not present this as a reason for Miley to be treated differently from Defendant David Randall Associates, Inc.  Ordinarily the plaintiff bears the burden of proving that a statute of limitations should be tolled, but in this case, Plaintiff asserted the basis for tolling in the Complaint, and Defendant did not argue that the outcome should be any different from Miley.  Without Plaintiff having been given notice of the relevance of the issue, and without any argument from either side, the Court will not resolve the matter in today's Opinion.  Should Miley decide to contend that Plaintiff is not entitled to tolling with respect to claims against him by virtue of his lack of involvement in the state court matter, then he may file a summary judgment motion urging that relief, accompanied by appropriate documentation.

unit of analysis is those claims that should have been brought in a single "cause of action," under the Entire Controversy doctrine, the unit of analysis is a "controversy": thus, "a party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008).

If Plaintiff was a party to the state court action, then there would be a colorable argument for application of the entire controversy doctrine. But under controlling law, unnamed class members in a prior putative class action are not considered parties to it unless the class was certified. See Smith v. Bayer Corp., 131 S.Ct. 2368, 2379-80 (2011) (explaining that unnamed members of a class that was not certified are not parties); see also Collins v. E.I. DuPont de Nemours & Co., 34 F.3d 172, 179 (3d Cir. 1994) (noting that an uncertified class action has no preclusive effect on putative members). Therefore, the entire controversy doctrine does not apply.

**V.   SUFFICIENCY OF CLASS ALLEGATIONS**

Defendants raise several arguments addressed to the adequacy of Plaintiff's proposed class and the ability to bring a class action under these circumstances, including: that paragraph 14 of the Complaint contains an apparent error, stating "Defendants

14

sent the same form facsimile to more than [sic.] Here, Defendants' advertisements were successfully sent 44,832 without error to 29,113 unique fax numbers during the period March 29, 2006 through May 16, 2006." Compl. ¶ 14; that the class cannot satisfy Rule 23 of the Federal Rules of Civil Procedure; and that New Jersey law forbids class action Telephone Consumer Protection Act claims. To the extent these contentions are relevant to this action, they are arguments relevant to class certification; they form no basis for dismissal of the Complaint pursuant to Rule 12(b), Fed. R. Civ. P.

In the Court's Letter Order of October 4, 2011, the Court stayed the motion for class certification until the motion presently under consideration was decided. The Court will lift the stay, and require that Defendant's opposition to that motion be due fourteen days from the date of this Opinion and Order, and Plaintiff may file a reply seven days after that. Defendants may include their class certification arguments in their opposition to class certification, to the extent they remain colorable arguments in light of today's Opinion and Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 753 (2012).

**VI. CONCLUSION**

This Court has subject matter jurisdiction for the reasons set forth in Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 753 (2012). At least based on the face of the Complaint,

15

the claims against Defendants are not time barred, since the statute of limitations was tolled during at least the first fourteen months of the state court class action, which was not dismissed on grounds related to the appropriateness of the substantive claims for certification.  The entire controversy doctrine does not apply to unnamed members of a class that was never certified, and the rest of Defendants' arguments go to class certification, not dismissal on jurisdictional or limitations grounds.

     The accompanying Order will be entered.

**February 7, 2012**                        **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                  Chief U.S. District Judge