UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – CAMDEN

---

*Plaintiff*
CITY SELECT AUTO SALES, INC.          :

            v.                                    :

*Defendants*                              :      No. 1:11-CV-02658-JBS-KMW
DAVID RANDALL ASSOCIATES, INC.,
  et al.                                    :

---

### DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRO HAC VICE ADMISSION OF TOD A. LEWIS, ESQ.

Shortly after the Defendants filed their Brief in Opposition to the Plaintiff's Motion for Pro Hac Vice Admission of Tod A. Lewis, Esq., counsel for the Defendants received a Notice indicating that Plaintiff's counsel, Alan Milstein, Esq., had served a subpoena in this case on Verizon telecommunications. (Exhibit A). Mr. Milstein's subpoena falsely asserts that an attorney named Ryan M. Kelly, Esquire represents the plaintiff in this case, and improperly instructs Verizon to deliver the specified records to Mr. Kelly's law firm, Anderson & Wanca. (Exhibit A). Upon review of that patently improper subpoena we demanded that Mr. Milstein immediately withdraw it. (Exhibit B). Whether he does so voluntarily or a motion to quash has to be filed, his actions raise additional ethical questions and appearances of impropriety which the Court must consider in determining the instant Motion.

As we previously noted, Mr. Milstein is the only attorney of record in this case, yet his filings now conclusively show that he has in fact permitted unadmitted attorneys including Ryan Kelly to act on behalf of the named plaintiff. As is detailed in the Defendant's Brief In Opposition to the Plaintiff's Motion for Class Certification, in the previous state court iteration of this asserted class action Mr. Kelly was found to have solicited and contracted with the named plaintiff, even though he was not admitted to practice law in New Jersey and his solicitation letter was misleading. Mr. Milstein's patently false representation and misuse of a federal court subpoena raise additional appearances of impropriety and ethical questions which require that the Motion be denied.

1

Remarkably, Mr. Milstein still continues to represent himself as "[o]ne of the Attorneys for Plaintiff" (Exhibit A, p. 1), and still continues to include the names and addresses of unadmitted attorneys next to his own signature. *Id.* In the subject Notice he named three unadmitted attorneys other than Ryan Kelly – Brian J. Wanca, Philip A. Bock, and Wallace C. Solberg. *Id.* As the Defendants previously argued in their Brief In Opposition to the Plaintiff's Motion for Class Certification, whatever Mr. Milstein's notations about those attorneys are intended to convey, the meaning is not discernible either to a lay person or a lawyer. Those notations clearly misrepresent the actual legal status and identity of plaintiff's counsel in this case, and they present a stark appearance of impropriety.

Wherefore, for all of the above reasons the Defendants respectfully request that the Court deny the Motion for Pro Hac Vice Admission of Tod A. Lewis, or in the alternative, undertake an appropriate evidentiary inquiry prior to any consideration of the instant motion.

Respectfully Submitted,

FLAMM WALTON PC, by:

_____
F. EMMETT FITZPATRICK, III

794 Penllyn Pike
Blue Bell  PA  19422
267.419.1505
fefitzpatrick@flammlaw.com

## CERTIFICATE OF SERVICE

I certify that I served a copy of the attached document upon the following person, via electronic mail generated by the ECF filing system of the United States District Court for the District of New Jersey, on the indicated date of filing:

Alan M. Milstein, Esq.
Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.
208 Harper Drive, Suite 200
Moorestown NJ 08057

*Counsel for Plaintiff*

Date: 5-7-12

F. EMMETT FITZPATRICK, III

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons, ) ) ) ) ) | |
| Plaintiff, ) ) | No.: 1:11-CV-02658-JBS-KMW |
| v. ) ) | |
| DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III, ) ) ) | |
| Defendants. ) | |

## NOTICE OF SERVICE OF SUBPOENA

TO:  F. Emmett Fitzpatrick
FLAMM WALTON PC
794 Pennlyn Pike
Blue Bell, PA 19422
Fax: 267-419-1560

YOU ARE HEREBY NOTIFIED that a Subpoena for Production of Specified Documents, Objects or Tangible Things was served on Verizon a copy of which is attached hereto.

_____
One of the Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned, state that on April 2, 2012, I served a true and correct copy of this Notice on the party listed above, via:

☒ U.S. mail, by depositing it in the U.S. mail at Moorestown, NJ, at or before 5:00 p.m., with proper postage prepaid to the address listed above
☐ Facsimile machine from Moorestown, NJ, to the telephone number listed above

_____

Brian J. Wanca
Wallace C. Solberg
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Alan C. Milstein
Sherman, Silverstein, Kohl, Rose
& Podolsky, PA
308 Harper Drive, Suite 200
Moorestown, NJ 08057
856/662-0700

Philip A. Bock
Bock & Hatch, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL 60620
Telephone: 312/658-5500

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| CITY SELECT AUTO SALES, INC. ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 11-CV-02658 |
| DAVID RANDALL ASSOCIATES, INC. et al. ) | |
| ) | (If the action is pending in another district, state where: ) |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Legal Compliance - Custodian of Records
TXD01613 - PO Box 1001 - San Angelo, TX 76902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE RIDER ATTACHED

| Place: Anderson + Wanca, 3701 Algonquin Rd., Suite 760, Rolling Meadows, IL 60008 | Date and Time: 05/18/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 4/25/12

CLERK OF COURT

OR

_____   _____
Signature of Clerk or Deputy Clerk      Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing (name of party) ____PLAINTIFF____
CITY SELECT AUTO SALES, INC. , who issues or requests this subpoena, are:

Ryan M. Kelly, Anderson + Wanca, 3701 Algonquin Road, Suite 760, Rolling Meadows, IL 60008, 847-368-1500, rkelly@andersonwanca.com; Alan C. Milstein - 308 Harper Drive Ste 200 - Moorestown, NJ

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-CV-02658

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:11-cv-02658-JBS-KMW   Document 40   Filed 05/07/12   Page 9 of 13 PageID: 1313

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

City Select Auto Sales, Inc. v. David Randall Associates, Inc. et al.
USDC – District of New Jersey
Case No. 1:11-CV-02658-JBS-MW

## RIDER – TO VERIZON LEGAL COMPLIANCE
## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Please produce to Ryan Kelly at Anderson + Wanca – 3701 Algonquin Road, Suite 760, Rolling Meadows, IL 60008  Phone: 847/368-1500 Facsimile: 847/368-1501 the following:

1. All incoming call detail records for the telephone number 609-877-9592 from April 3, 2006 to April 5, 2006 and May 14, 2006 to May 16, 2006

\*\*\*Produce records in electronic format when possible, if unable to produce records in electronic format, produce on paper without watermarks\*\*\*

Telephone Authorization Template-City Select 609-877-9592
AUTHORIZATION TO RELEASE TELEPHONE RECORDS

TO: Verizon Legal Compliance, Custodian of Records

TXD06113 - PO Box 1001

San Angelo, TX 76902

FROM: Louis Pellegrini, President
    City Select Auto Sales, Inc.

DATE: April 9, 2012

I, the undersigned, Louis Pellegrini, President of City Select Auto Sales Inc, am the owner
of the telephone number 609/877-9592.

1. I have the authority to sign the release of incoming telephone call detail records during
March, 2006 to June, 2006 from its service provider, Verizon.

2. The billing address for City Select Auto Sales, Inc. during March, 2006 to June, 2006
was 4375 Rt. 130 South, Burlington, NJ 08018. It is possible that the billing address was my
home address of 16 Cove Road, Moorestown, NJ 08057 or 5 Collins Mill Court, Moorestown, NJ 08057

3. You are hereby authorized to furnish and release to Ryan M. Kelly of Anderson + Wanca, 3701 Algonquin Road, Suite 760, Rolling Meadows, IL 60008, any and all unedited or written telephone records detailing numbers from which calls were received
by telephone number 609/877-9592 during March, 2006 to June, 2006.

You are requested to provide the call detail records in electronic format if available; if not,
printed on paper without watermarks.

The foregoing authorization shall continue in force until revoked by me in writing. A photocopy
of this authorization shall be as effective as one bearing the original signature.

FURTHER AFFIANT SAYETH NOT.

_____
Louis Pellegrini, President
City Select Auto Sales Inc.

Page 1

**EXHIBIT B**



# Flamm Walton PC
### ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| F. EMMETT FITZPATRICK, III<br>267-419-1505<br>fefitzpatrick@flammlaw.com<br>Admitted to Practice<br>PA, NJ & CA | 794 Penllyn Pike<br>Blue Bell, PA 19422-1669<br>267-419-1500<br>267-419-1560 Fax<br>www.flammlaw.com | 4905 West Tilghman Street, Suite 310<br>Allentown, PA 18104-9133<br>610-336-6800<br>610-336-0167 Fax | 750 Route 73 South, Suite 301<br>Marlton, NJ 08053-4191<br>856-810-2299<br>856-810-2266 Fax |

May 7, 2012

Alan C. Milstein, Esq.                                    <u>VIA FAX & US MAIL</u>
Sherman, Silverstein, Kohl, Rose & Podolsky, PA
308 Harper Drive, Suite 200
Moorestown NJ 08057

      Re:    City Select Auto Sales, Inc. v. David Randall Associates, Inc., et al.
            <u>Civil Action No: 1:11-CV-02658-JBS-KMW</u>

Dear Mr. Milstein:

    I received a Notice from you dated May 2, 2012 which indicates that you served a Subpoena in this action on Verizon Legal Compliance.

    Please be advised that your subpoena was issued in violation of F.R.C.P. 26(d)1) and F.R.C.P. 45(b)(1). You have no legal right to issue any subpoena in this case until after a Rule 26 conference has been held, and then only after the required notice has been given to opposing counsel. Additionally, your subpoena falsely asserts that Ryan M. Kelly of Anderson and Wanca represents the plaintiff in this action, and instructs Verizon to produce the records to his firm.

    I hereby demand that you immediately withdraw that Subpoena in a written notice to Verizon. If I don't receive confirmation by the end of the day today that you have delivered that notice, I'll file a Motion to Quash and a Motion for Sanctions.

Sincerely,

F. EMMETT FITZPATRICK, III

327479v1