UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III,<br><br>　　　　　Defendants. | Electronically Filed<br><br>Civil Action No.<br>11-cv-02658-JBS-KMW |

**PLAINTIFF'S MOTION FOR LEAVE TO CITE THE SEPTEMBER 10, 2012 OPINION, ON REMAND, AND THE DENIAL OF DEFENDANT'S PETITION FOR LEAE TO APPEAL IN *CREATIVE MONTESSORI V. ASHFORD GEAR* IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION**

　　NOW COMES the Plaintiff, City Select Auto Sales, Inc., ("Plaintiff"), by and through its attorneys, and moves for leave to cite *Creative Montessori Learning Centers v. Ashford Gear, Inc.,* No. 09 C 3963, 2012 WL 3961307. *1-2 (September 10, 2012) ("Ashford 3"), *petition for leave to appeal denied*, No.:12-8036 (7th Cir. October 11, 2012), in support of its pending Motion for Class Certification (Doc. 30). In support of its Motion, Plaintiff alleges and states as follows:

　　1.　Plaintiff's motion for class certification, supporting brief and reply brief are filed. (Docs. 30, 30-1, 36). Defendant filed its response on March 22, 2012 (Doc. 31).

　　2.　In Defendant's response brief arguing against the adequacy of counsel, it relied heavily on both the *Creative Montessori Learning Centers v. Ashford Gear,*

1

*Inc.,* 662 F.3d 913 (7th Cir. 2011) ("*Ashford 2*") opinion[1] (Doc. 31, pp. 4-6, 8, 12-14) and some of the subsequent briefing by Defendant made in that case after remand. (Doc. 31-4). Defendant vigorously and repeatedly has accused counsel of "misconduct" using the *Ashford 2* case citation as its springboard or proof. Doc. 31, pp. 4-6, 8, 12-14; Doc. 31-4. Because the Seventh Circuit opinion in *Ashford 2* is so heavily relied upon by Defendant, Plaintiff respectfully seeks leave to file the new District Court opinion and concomitant order denying leave to appeal thereby resolving the adequacy challenge.

3.  The *Ashford Gear* District Court has now rendered its opinion on remand. *Creative Montessori Learning Centers v. Ashford Gear, Inc.,* No. 09 C 3963, 2012 WL 3961307. *1-2 (September 10, 2012), attached as <u>Exhibit A</u>. The Court stated that it "reviewed the hundreds of pages of supplemental submissions, including expert declarations and opinions, for the reasons discussed below, the court concludes that there is no evidence to suggest that counsel will not loyally represent the class, and no evidence to suggest in any way that counsel will put their own interests ahead of those of the class." The Court found that counsel was adequate to represent the class. The Court found that there was no basis to doubt counsel's loyalty to class members. The Court found that the defendant's arguments were "pure sophistry." The Court granted the motion for class certification.

4.  Next, the Defendant again requested that the Seventh Circuit grant a

---

[1] In that appellate opinion, the Court held that the District Court had applied the wrong legal standard in finding counsel adequate in a separate T.C.P.A. case, and remanded for further consideration.

2

petition for leave to appeal. Defendant's request was denied. See Exhibit B.

5.  Judge Gettleman in *Ashford 3* is not alone in his views of class counsel. After the Court's ruling in *Ashford 2*, trial court-after-trial court has reviewed the evidence and concluded that the attorneys are adequate to represent classes in their cases. *The Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.,* 279 F.R.D. 442 (N.D. Ohio 2012) (Gwin, J.); *Reliable Money Order, Inc. v. McKnight Sales Co., Inc.,* 281 F.R.D. 327 (E.D. Wis. 2012) (Callahan, M.J.), *app. pending,* No. 12-2599 (7th Cir.);[2] *American Copper & Brass, Inc. v. Lake City Industrial Products, Inc.,* No. 09-1162, 2012 WL 3027953 (W.D. Mich. July 24, 2012) (Quist, J.) (Doc. 46-2); *Jackson's Five Star Catering, Inc. v. Beason,* No. 10-10010, 2012 WL 3205526 (E.D. Mich. July 26, 2012) (Cook, J.) (Doc. 46-1); *Van Sweden Jewelers, Inc. v. 101 VT, Inc.,* No. 10-253, 2012 WL 4127824 (W.D. Mich. Sept. 19, 2012) (Neff, J.); *Imhoff Investment LLC v Sammichaels, Inc.,* No. 10-10996, Doc. 67 (E.D. Mich. October 1, 2012). In *Jackson's Five Star,* the district court strongly rejected the Abraham allegations of misconduct based on findings very similar to those made by the district court in this case. *Id.* at *3 ("Since Caroline Abraham did not produce the information, the Plaintiff's attorneys could not have breached any assurance of confidentiality allegedly made to her.") These judges have measured class counsel's integrity in the daily grind of litigation—battling discovery disputes, motions, hearings, and in some cases taking TCPA cases to judgment, to trial, or to settlement. "A court's experience

---

[2] In *Reliable Money Order,* the 7th Circuit has granted a petition for permission to appeal class certification (including the issue of class counsel's adequacy), and briefing is under way.

with a particular counsel—even if that experience is not reflected in designated evidence—may be relevant to its determination of the counsel's adequacy to represent a proposed class." *Gomez v. St. Vincent Health, Inc.* 649 F.3d 583 (7th Cir. 2011). When every judge who has reviewed the allegations made by Abraham and defense counsel has concluded that these attorneys can be trusted to protect the interests of the class loyally, those conclusions should not be lightly dismissed.

WHEREFORE, Plaintiff City Select Auto Sales, Inc., respectfully requests that the Court grant it leave to cite *Creative Montessori Learning Centers v. Ashford Gear, Inc.,* No. 09 C 3963, 2012 WL 3961307. *1-2 (September 10, 2012) attached as Exhibit A ("Ashford 3"), petition for leave to appeal denied, No.:12-8036 (7th Cir. October 11, 2012), attached as Exhibit B..

October 17, 2012

    Respectfully submitted,

    CITY SELECT AUTO SALES, INC.,
    individually and as the representative of a class of
    similarly-situated persons.

    By: s/*Alan C. Milstein*
    Alan C. Milstein,
    One of Plaintiff's Attorneys
    *Sherman, Silverstein, Kohl, Rose, and Podolsky*
    308 Harper Drive, Suite 200
    Moorestown, NJ 08057
    Telephone: 856/662-0700
    Facsimile: 856/488-4744

    *Attorneys for Plaintiff City Select Auto Sales, Inc.*

## CERTIFICATE OF SERVICE

  The undersigned attorney hereby certifies that, on October 17, 2012, he caused a copy of the foregoing motion to be served upon all counsel of record using the ECF system.

              s/*Alan C. Milstein*