Slip Copy, 2012 WL 3961307 (N.D.Ill.)
**(Cite as: 2012 WL 3961307 (N.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois,
Eastern Division.
CREATIVE MONTESSORI LEARNING CENTER, Plaintiff,
v.
ASHFORD GEAR, LLC, Defendant.

No. 09 C 3963.
Sept. 10, 2012.

Brian J. Wanca, Ryan M. Kelly, Anderson & Wanca, Rolling Meadows, IL, Daniel J. Cohen, James Michael Smith, Jonathan B. Piper, Phillip A. Bock, Tod Allen Lewis, Bock & Hatch, LLC Chicago, IL, for Plaintiff.

Eric L. Samore, Erin Anne Walsh, Molly Anne Arranz, Smith Amundsen, LLC, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER
ROBERT W. GETTLEMAN, District Judge.

*1 Plaintiff Creative Montessori Learning Center brought a putative class action complaint against defendant Ashford Gear, LLC alleging violations of the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227, and conversion. Both counts are premised on the allegations that defendant sent, or authorized the sending, of an unsolicited facsimile advertisement to plaintiff.

On July 27, 2011, this court, after applying the requirements of Fed.R.Civ.P. 23, certified a class defined as:

All persons having no established business relationship with Ashford Gear, LLC who were sent one or more unsolicited faxes in June 2006 regarding the "Rollee Pollee" self-contained napping station, offering "order 30 Rollee Pollees by June 30, 2006 and get 6 FREE!, and identifying (718) 360–0971 as the number to call to stop receiving faxes. ( *Creative Montessori Learning Center v. Ashford Gear,* 2011 WL 3273078 *10 (N.D.Ill.2011))

Defendant sought leave to appeal to the Seventh Circuit under Fed.R.Civ.P. 23(f), arguing that the manner by which class counsel obtained their client constituted sufficient misconduct as to demonstrate that counsel was inadequate to represent the class. Despite receiving no response from plaintiff to the Rule 23(f) petition, and apparently accepting defendant's factual statements as true, the Seventh Circuit determined: (1) that this court applied the wrong legal standard to class counsels' potential misconduct; and (2) that there was reason to doubt that class counsel will "fairly and adequately" represent the entire class. The Seventh Circuit vacated the class certification and remanded the case to this court with directions to apply the standard used in *Culver v. City of Milwaukee,* 277 F.3d 908, 913 (7th Cir.2000), and determine whether any misconduct by class counsel created a serious doubt that counsel would represent the class loyally. *Creative Montessori v. Ashford Gear, LLC,* 662 F.3d 913, 918–19 (7th Cir.2011).

On remand, plaintiff filed a supplemental motion for class certification which the parties have briefed extensively, focusing entirely on whether class counsel is adequate to represent the class. Having reviewed the hundreds of pages of supplemental submissions, including expert declarations and opinions, for the reasons discussed below, the court concludes that there is no evidence to suggest that counsel will not loyally represent the class, and no evidence to suggest in any way that counsel will put their own interests ahead of those of the class. Plaintiff's supplemental motion is granted.

As the Seventh Circuit noted, this case is one of more than 50 similar class action suits filed by class counsel, all based on information counsel re-

ceived through the discovery process in *CE Design Ltd. v. Cy's Crabhouse North Inc.,* 2010 WL 3327876 (N.D.Ill.2010). As discussed in this court's previous opinion, class counsel obtained an electronic data base from Back 2 Business ("B2B")[FN1] that contained contact information for intended targets of fax advertisements. Plaintiff's name was on that list.

> FN1. B2B is the fax broadcasting company that defendant hired to conduct a fax broadcasting campaign on its behalf.

**\*2** The alleged misconduct asserted in the instant case is the manner by which class counsel obtained that list, and the manner by which counsel. According to defendant, class counsel breached a promise of confidentiality made by them to Caroline Abraham, owner of B2B. In *Cy's Crabhouse,* Judge Kennelly ultimately determined, however, that there was no reason to keep the B2B materials confidential. *Cy's Crabhouse,* 2010 WL 3327876 at \*3.

In its initial opinion, this court assumed that class counsel had violated an agreement with Abraham, but concluded that the violation was not sufficient to cast doubt on counsel's adequacy. The evidence submitted in support of the supplemental motion proves, however, that counsel breached no such agreement. The record demonstrates that while attempting to obtain materials informally from Abraham, counsel agreed to keep confidential any information provided. But Abraham refused to provide any information informally, forcing counsel to invoke the discovery process by issuing subpoenas in *Cy's Crabhouse* and other pending cases. Indeed, the lists were never produced by Abraham, but by her adult son Joel Abraham and his lawyer, Eric Ruben, pursuant to subpoenas. Ruben has admitted that he turned over the records without attempting to assert any claim of confidentiality. Thus, it appears that class counsel did not violate any confidentially order of a court, or any informal agreement with Abraham.

It should be noted that Abraham was not seeking confidentiality to protect her business, her clients, or even recipients such as plaintiff. She was simply trying to protect herself from further lawsuits. B2B, which had already been the subject of three FCC citations for TCPA violations, had been out of business for over a year. Indeed, the State of Indiana already had a $216,488 judgment against Abraham and her husband Jason for violations of Indiana's Anti–Junk Faxing Statute. Thus, any suggestion that Abraham sought confidentiality to protect anyone but herself is pure sophistry, as is the notion that the B2B records were produced with an "understanding" of confidentiality.

In any event, this court agrees with the court in *Reliable Money Order Inc. v. McNight Sales Company, Inc.,* 281 F.R.D. 327 (E.D.Wis.2012), another case brought by class counsel based on information obtained from the B2B records, that:

> Whatever this court's opinion of counsel's behavior might be, such behavior does not create a serious doubt that class counsel will represent the class loyally. The plaintiffs' attorneys did not breach a promise of confidentiality with the members of the class in *Cy's Crabhouse,* with the members of the class in *Ashford Gear,* or with the potential members of this class. Instead the breach was with a third party holding information regarding the illegal behavior of potential defendants.

At least four district courts have analyzed class counsel's adequacy after the Seventh Circuit decision remanding the instant case. None of those have found any reason to doubt counsels' loyalty to their class, despite their methods of obtaining plaintiffs' names. *See Reliable Money Order,* 281 F.R.D. 327; *Jacksons' Five Star Catering, Inc. v. Beason,* 2012 WL 3205526 (E.D.Mich. July 26, 2012); *American Copper & Brass, Inc. v. Lake City Industrial Products, Inc.,* 2012 WL 3027953 (W.D.Mich. July 24, 2012); *Imhoff Inv. LLC v. SamMichaels, Inc.,* 2012 WL 2036765, \*3–4 (E.D.Mich. May 21, 2012). This court agrees with

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

the decisions in those cases. Despite the abundance of information presented by defendants, nothing suggests to this court that class counsel will do anything but zealously represent the class, as they have in other TCPA cases before this court. *See Holtzman v. Turza,* 2011 WL 3876943 (N.D.Ill. Aug.29, 2011).

**\*3** Thus, the court concludes that nothing about the manner by which class counsel received the B2B records creates "a serious doubt that class counsel will represent the class loyally."

The court reaches the same conclusion with respect to the solicitation letter class counsel sent to plaintiff. At the August 4, 2011, hearing, the court found that both the letter and the envelop contained the words "Advertising Material" as required by Rule 7.3(c) of the ABA Model Rules of Professional Conduct and L.R. 83.50. The court also determined that class counsel had no contact with plaintiff prior to plaintiff's receipt of the solicitation letter. The court then noted that the letter, which stated that counsel's law firm "litigates class action lawsuits against companies which send junk faxes," and "[d]uring our investigation, we have determined that you are likely to be a member of the class," probably violated Rule 7.1 as misleading, but that the violation was not so egregious as to convince the court to deny class certification.

On remand, class counsel vigorously disputes that "taken as a whole" as required by the Rule, the letter is misleading. To support their position, counsel has submitted the opinion of a "nationally renowned ethicist," Professor Richard Painter, who concludes that the letter did not violate the Rule. Defendant, of course, challenges the admissibility of Painter's opinion as devoid of any analytical framework and for failing to apply an objective test or to view the communication from the prospective of a "hypothetical unsophisticated consumer."

This court is fully capable of determining on its own whether the plain language of the letter is misleading. With all due respect to Professor Painter, the court continues to conclude that the letter, considered as a whole, is misleading because it suggests that plaintiff is a member of an existing class, when no such class had yet been certified. The court also continues to conclude, however, that the misrepresentation in the letter is not so significant as to cast serious doubt on counsels' ability to represent the class loyally. Thus, the court finds that nothing about the manner by which counsel solicited plaintiff renders counsel inadequate to represent the class.

Accordingly, for the reasons stated above, plaintiff's supplemental motion to certify the class is granted. This matter is set for a report on status on September 19, 2012 at 9:00 a.m.

N.D.Ill.,2012.
Creative Montessori Learning Center v. Ashford Gear, LLC
Slip Copy, 2012 WL 3961307 (N.D.Ill.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.