IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III,<br><br>      Defendants. | No.: 1:11-cv-02658-JBS -KMW |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO CITE THE SEPTEMBER 10, 2012 OPINION, ON REMAND, AND THE DENIAL OF THE DEFENDANT'S PETITION FOR LEAVE TO APPEAL IN**
***CREATIVE MONTESSORI V. ASHFORD GEAR***
**IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION**

Defendants have spent the vast majority of their resources in this case attacking Plaintiff's counsel, accusing them of "grave misconduct and deceit." *E.g.,* Doc. 31, p. 4. They based their attack upon the opinion in *Creative Montessori Learning Centers v. Ashford Gear, Inc.,* 662 F.3d 913 (7th Cir. 2011) ("*Ashford 2*"), which vacated class certification and remanded to the trial court for reconsideration under a different legal standard. On remand from the Seventh Circuit, the district court recently resolved the adequacy of counsel issue in the plaintiff's favor. *Creative Montessori v. Ashford Gear*, 2012 WL 3961307 (N.D. Ill. Sept. 10, 2012) *("Ashford 3")* (Doc. 48; Doc. 48-1). Judge Gettleman reviewed a voluminous factual record and rejected as "pure sophistry" the same Caroline Abraham allegations that Defendants' attorneys argue here. *Id.* After that, on October 11, 2012, the same panel of the 7th Circuit that issued the *Ashford 2*

1

opinion denied the *Ashford* defendant's petition to appeal. No. 12-8036, Doc. # 0071195955 (7th Cir. Oct. 11, 2012). (Doc. 48; Doc. 48-2).

In short, Defendants' attacks on Plaintiff's counsel in this case, like those in *Ashford*, are "pure sophistry." Several other courts have reviewed the same allegations and all have concluded that Plaintiff's counsel are adequate to represent TCPA classes in their courtrooms. District court after district court has reached exactly the same conclusion—that there is no serious doubt about Plaintiff's counsel's loyalty to the class, and that these counsel are adequate. Plaintiff has cited those decisions in its motion to supplement.

Defendants oppose Plaintiff's citations to these numerous "post-*Ashford*" decisions, characterizing this as "manifestly improper." Doc. 49, p. 2. Defendants "request that the Court strike all of the arguments made by Plaintiff" along with the additional six decisions in Doc. 48. Doc. 49, pp. 2-3. As this Court has ruled on numerous occasions, "As a general matter, motions to strike under Rule 12(f) are highly disfavored." … This is because "it is often sought by the movant simply as a dilatory tactic." … The successful motion to strike is granted to "save time and expense" by clearing away pleadings "which will not have any possible bearing on the outcome of the litigation." … However, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Coles v. Carlini*, Civil No. 10-6132 (JBS/AMD), 2012 WL 1079446, *15 (D.N.J. March 29, 2012) (Simandle, J.) (citations omitted) (denying motion to strike). *See also Huertas v City of Camden*, Civil Action No. 05-5375 (JBS), 2007 WL 542383, *3 (D.N.J. Feb. 14, 2007) (Simandle, J.) (denying motion to strike).

The additional six cases cited by Plaintiff are relevant and persuasive authority for the matters under this Court's consideration. They are not "redundant, immaterial, impertinent,

scandalous or surplusage" and their inclusion in the record does not unfairly prejudice the Defendants.

    WHEREFORE, Plaintiff City Select Auto Sales, Inc., respectfully requests that the Court grant it leave to cite *Creative Montessori Learning Centers v. Ashford Gear, Inc.*, No. 09 C 3963, 2012 WL 3961307. *1-2 (September 10, 2012) ("Ashford 3") (Doc. 48-1), *petition for leave to appeal denied*, No.:12-8036 (7th Cir. October 11, 2012) (Doc. 48-2) and reject Defendant's request to strike.

Dated: November 2, 2012.

    Respectfully submitted,

    CITY SELECT AUTO SALES, INC.,
    individually and as the representative of a class of similarly-situated persons.

    By: s/*Alan C. Milstein*
    Alan C. Milstein,
    One of Plaintiff's Attorneys
    *Sherman, Silverstein, Kohl, Rose, and Podolsky*
    308 Harper Drive, Suite 200
    Moorestown, NJ 08057
    Telephone: 856/662-0700
    Facsimile: 856/488-4744

    *Attorneys for Plaintiff City Select Auto Sales, Inc.*

## **CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that, on November 2, 2012, he caused a copy of the foregoing motion to be served upon all counsel of record using the ECF system.

               s/*Alan C. Milstein*