UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – CAMDEN

Plaintiff
CITY SELECT AUTO SALES, INC.     :

        v.                              :

Defendants                        :     No. 1:11-CV-02658-JBS-KMW
DAVID RANDALL ASSOCIATES, INC.,
   et al.                          :

## ORDER

NOW, this _____ day of _____, 2012, upon consideration of the Plaintiff's Motion to Admit Daniel J. Cohen *Pro Hac Vice* and the Defendants' Response, it is ORDERED that the Motion is DENIED.


BY THE COURT:


_____
HON. JEROME B. SIMANDLE, C.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – CAMDEN

| | | |
|---|---|---|
| *Plaintiff*<br>CITY SELECT AUTO SALES, INC. | : | |
| v. | : | |
| *Defendants*<br>DAVID RANDALL ASSOCIATES, INC.,<br>  et al. | :<br><br>: | No. 1:11-CV-02658-JBS-KMW |

## DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRO HAC VICE ADMISSION OF DANIEL J. COHEN, ESQ.

The Defendants oppose the Plaintiff's Motion for Admission Pro Hac Vice of Daniel J. Cohen because he is "an associate attorney with Bock and Hatch, L.L.C.", a law firm whose attorneys have been found to have engaged in improper and unethical conduct involving the very same alleged evidence that is claimed in this case (see Defendants' Brief In Opposition to Plaintiff's Motion for Class Certification, which is incorporated by reference); 2) this Court has ordered Bock's associated counsel, Brian Wanca, Esq., and Ryan Kelly, Esq., to submit to pre-certification depositions to examine that conduct (see Court's Order dated December 17, 2013), but their depositions have not yet been taken and they have refused to present themselves in New Jersey for those court-ordered depositions (see Defendant's Motion to Enforce Court's Order Dated December 17, 2013, which is incorporated by reference; and 3) the Plaintiff's present *pro hac vice* counsel, Tod A. Lewis, Esq., who is also a member of the firm of Bock and Hatch, admitted to the Court that he has never had any contact whatsoever with the Plaintiff, an admission which creates a serious appearance of impropriety (see transcript of December 14, 2012 hearing before Hon. Jerome B. Simandle, pps. 48-49, a copy of which is attached as Exhibit A).

Moreover, we note for the record that at the very same time that Mr. Bock's Chicago associates are asserting that it would be "unduly burdensome" for

them to travel to New Jersey just for the depositions that were ordered by this Court, Plaintiff's counsel is seeking to have another one of Mr. Bock's "associate" attorneys from Chicago admitted in this case *pro hac vice.* If admitted, that attorney would necessarily be required to travel to New Jersey frequently. We believe that the Chicago attorneys' refusals, which are completely inconsistent with the instant *pro hac vice* Motion, present additional appearances of impropriety which should cause the Court to deny the Motion.

Additionally, under any circumstances we submit that the present motion is premature. The Court has now denied the Plaintiff's prior Motion for Class Certification, and the case cannot go forward unless and until an adequate class showing is made following the completion of Court-ordered discovery.

The Plaintiff is presently represented by attorneys from two separate law firms, and Mr. Milstein's Motion does not set forth any reason why yet another attorney should be admitted at the present time. Given the remarkable facts which are already of record, and the Court's extraordinary order granting defense counsel the right to depose two attorneys that Mr. Milstein also proposed as class counsel, the request to have Mr. Cohen admitted as additional counsel in this matter should be given much more than just nominal scrutiny. The discovery that this Court has ordered will undoubtedly provide information relevant to the Court's review of Mr. Milstein's request, so it should be denied at least until that discovery has been completed.

Lastly, as we previously noted, the evidence which is already of record in this case presents a serious appearance of impropriety which involves all of the proposed and asserted counsel for the Plaintiff. That factor alone should cause the Court to reject the Motion, because is axiomatic that an attorney may be disqualified not only for acting improperly but also for failing to avoid the appearance of impropriety. **Richardson v. Hamilton International Corp., 469 F. 2d 1382, 1385-86 & n.12 (3d Cir. 1972),** *cert. denied,* 411 U.S. 986, 36 L. Ed. 2d 964, 93 S. Ct. 2271 (1973).

Wherefore, for all of the above reasons the Defendants respectfully request that the Court deny the Motion for Pro Hac Vice Admission of David J. Cohen, Esq.

Respectfully Submitted,

FLAMM WALTON PC, by:

_____
F. EMMETT FITZPATRICK, III

## CERTIFICATE OF SERVICE

I certify that I served a copy of the attached document upon the following persons, via the ECF filing system on the indicated date:

>Alan M. Milstein, Esq.
>Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.
>208 Harper Drive, Suite 200
>Moorestown NJ 08057
>
>Tod A. Lewis, Esq.
>Jonathan B. Piper, Esq.
>Bock & Hatch, LLC
>134 N. LaSalle St., Ste. 1000
>Chicago, Illinois 60602
>
>*Counsel for Plaintiff*

I certify that I served a copy of the attached document upon the following persons, via first class United States Mail on the indicated date:

>Caroline Abraham, d/b/a Business to Business Solutions
>1601 East 18th Street
>New York, NY 11230
>
>*Unrepresented Third Party Defendant*
>
>Joel Abraham, d/b/a Business to Business Solutions
>1601 East 18th Street
>New York, NY 11230
>
>*Unrepresented Third Party Defendant*

Date: 2-21-13

F. EMMETT FITZPATRICK, III

332808v1

5

**EXHIBIT A**

```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY


CITY SELECT AUTO SALES, INC.,
a New Jersey corporation,
Individually and as the
Representative of a class of
similarly situated persons,

          Plaintiffs,

   vs.                             CIVIL ACTION
                                   NO. 11-2658 (JBS)

                                        MOTION
DAVID RANDALL ASSOCIATES, INC.
and RAYMOND MILEY, III,


          Defendants.


                              UNITED STATES COURTHOUSE
                              ONE JOHN F. GERRY PLAZA
                              4TH AND COOPER STREETS
                              CAMDEN, NEW JERSEY 08101
                              FRIDAY, DECEMBER 14, 2012


B E F O R E:      THE HONORABLE JEROME B. SIMANDLE
                              CHIEF JUDGE
                     UNITED STATES DISTRICT JUDGE



A P P E A R A N C E S:


   SHERMAN, SLIVERSTEIN, KOHL, ROSE & PODOLSKY, PC
   BY:  ALAN C. MILSTEIN, ESQUIRE
   Eastgate Corporate Center
   308 Harper Drive
   Suite 200
   Moorestown, NJ  08057
   ATTORNEYS FOR PLAINTIFFS

                              LISA MARCUS, C.S.R.
                              CERTIFICATE # 1492
                              OFFICIAL U.S. REPORTER
```

*United States District Court*
*Camden, New Jersey*

```
 1   A P P E A R A N C E S:

 2
     BOCK & HATCH, LLC
 3   BY:  TOD A. LEWIS, ESQUIRE
     134 N. La Salle Street
 4   Suite 1000
     Chicago, IL  60602
 5   ATTORNEYS FOR PLAINTIFFS

 6
     FLAMM, BOROFF & BACINE, PC
 7   BY:  F. EMMETT FITZPATRICK, III, ESQUIRE
     794 Penllyn Pike
 8   Blue Bell, PA  19422
     ATTORNEYS FOR DEFENDANTS
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

25          THE COURT:  I didn't have doubt about it before, but

```
 1  you're now making it crystal clear that that fax that's
 2  attached to the complaint and that's referred to throughout
 3  the matter is not a copy of what the plaintiff is saying he
 4  received, it's a copy of what the plaintiff is saying or that
 5  you're saying on behalf of the plaintiff that the defendant
 6  through its agent sent.
 7          MR. LEWIS:  Absolutely, your Honor.  And the
 8  plaintiff, vis-a-vis that proof, can prove the entire case for
 9  everyone else.  There may not be a soul on earth that still
10  has one of those 44,000 plus junk faxes that were sent in this
11  case, that's how these cases work.  Congress did not use the
12  term receipt possibly for that reason.
13          THE COURT:  Well, have you met with or someone in
14  your firm met with City Select?
15          MR. LEWIS:  I have not, your Honor.
16          THE COURT:  Do you know what City Select would say
17  through their 30(b)(6) witness about whether they, you know,
18  received this fax, whether they had a business relationship,
19  and all that sort of thing?
20          MR. LEWIS:  I personally do not, your Honor.
21          THE COURT:  So how can plaintiff prove this?
22          MR. LEWIS:  It is possible that City Select has the
23  fax because we have had other cases where they have had the
24  fax.  *Chapman vs. Wagner*, Mr. Chapman was a pack rat, he kept
25  everything, we had the fax.  There have been some cases where
```