IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY SELECT AUTO SALES, INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>DAVID RANDALL ASSOCIATES, INC., et al.,<br><br>               Defendants. | Civil Action<br>No. 11-2658 (JBS-KMW)<br><br>**DISCOVERY ORDER &<br>ORDER FOR STAY** |

     Before the Court is Defendant's Motion To Enforce The Court's Order Dated December 17, 2012 Regarding Depositions [Docket Item 64]. The Court reviewed the Parties' submissions and held a telephone conference on March 4, 2013.

     On December 17, 2012, the Court issued an order [Docket Item 53] dismissing Plaintiff's motion for class certification [Docket Item 30] without prejudice. The Court permitted Plaintiff to refile the motion, instructed the parties to brief a particular issue regarding the intersection of New Jersey law and the Telephone Consumer Protection Act, and allowed Defendant to undertake reasonable discovery, including, <u>inter alia</u> the depositions of Brian Wanca and Ryan Kelly, two attorneys in Illinois who obtained the hard drive evidence that forms a basis of this case.

In the present motion, Defendant asked the Court to order that Wanca and Kelly travel from Illinois, where they reside and work, to New Jersey for their depositions.

Plaintiff filed opposition [Docket Item 68] arguing that the depositions must be in Illinois pursuant to F.R.C.P. 45(c)(3)(A)(ii), which states that the issuing court must quash a subpoena that requires a non-party to travel more than 100 miles. Plaintiff also asked the Court to limit the depositions of Wanca and Kelly to three hours per witness. Plaintiff's counsel orally also indicated that Wanca and Kelly will not be seeking admission pro hac vice to appear in this case.

Defendant filed a Reply [Docket Item 69], stating, "The Court's [December 17, 2012] Order implicitly requires Plaintiff's counsel to present [Wanca and Kelly] for depositions in this jurisdiction, at the Plaintiff's expense, or have its renewed Motion for Class Certification Dismissed." [Docket Item 69 at 2-3.]

During the teleconference, the Court issued an oral opinion regarding the discovery disputes presented by the parties, holding that the depositions of Wanca and Kelly shall take place in Illinois and that Defendant shall have a day, as defined in Fed. R. Civ. P. 30(d)(1), to depose each witness, if necessary, for a total of up to two days.

During the teleconference, Plaintiff noted that, on February 21, 2013, the district court in <u>Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC</u>, Civ. No. 11-00011 (AET), 2013 WL 663301 (D.N.J. Feb. 21, 2013), certified an interlocutory appeal to the Third Circuit regarding the impact of 47 U.S.C. § 227(b)(3), the provision in the Telephone Consumer Protection Act ("TCPA") that provides, in relevant part, "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" certain actions to enjoin TCPA violations or to recover actual monetary loss. The Court ordered the parties to brief this issue in its December 17, 2012 Order [Docket Item 53 at 2] in connection with class certification motion briefing, since Defendant takes the position that New Jersey law applies and precludes this case from proceeding as a class action. Both parties orally requested that this case be stayed indefinitely pending the Third Circuit's resolution of this critical issue of law.

Given the significance of this issue to class certification in this action, the Court will administratively terminate Plaintiff's renewed motion for class certification [Docket Item 60] and will stay this action indefinitely pending the Third Circuit's review of the interlocutory appeal. Plaintiff has volunteered to keep the Court apprised of the proceedings before the Third Circuit.

For the reasons explained in the Court's Oral Opinion of March 4, 2013 and for good cause shown;

IT IS this **5th** day of **March**, 2013 hereby

ORDERED that Defendant's Motion to Enforce the Court's Order Dated December 17, 2012 Regarding Depositions [Docket Item 64] is denied in part and granted in part; and it is further

ORDERED that the depositions of witnesses Brian Wanca and Ryan Kelly will take place in Illinois, at a mutually agreeable location; and it is further

ORDERED that the Court will not limit the depositions of Wanca and Kelly to three hours each; Defendant shall have a day, as defined in Fed. R. Civ. P. 30(d)(1), to depose each witness[1]; and it is further

ORDERED that the Court will STAY this case indefinitely pending the Third Circuit's decision on the interlocutory appeal that has been certified by the district court in <u>Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC</u>, Civ. No. 11-00011 (AET), 2013 WL 663301 (D.N.J. Feb. 21, 2013); and it is further

ORDERED that the Plaintiff's Motion to Certify Class [Docket Item 60] is administratively terminated; such Motion may

---

[1] During the telephone conference, the parties agreed that the depositions of Wanca and Kelly would take place in Illinois on March 14-15, 2013 and that Defendant's deadline for filing opposition to Plaintiff's class certification motion would be extended from April 2, 2013 to April 9, 2013. Given that the Court is staying the case in its entirety, these dates may no longer be applicable.

4

be restored to active status upon letter request of Plaintiff's counsel.

                                            **s/ Jerome B. Simandle**
                                            JEROME B. SIMANDLE
                                            Chief U.S. District Judge