# Flamm Walton PC
### ATTORNEYS AT LAW

F. EMMETT FITZPATRICK, III
267-419-1505
fefitzpatrick@flammlaw.com
Admitted to Practice
PA, NJ & CA

794 Penllyn Pike
Blue Bell, PA 19422-1669
267-419-1500
267-419-1560 Fax
www.flammlaw.com

4905 West Tilghman Street, Suite 310
Allentown, PA 18104-9133
610-336-6800
610-336-0167 Fax

750 Route 73 South, Suite 301
Marlton, NJ 08053-4191
856-810-2299
856-810-2266 Fax

October 28, 2013

Hon. Jerome B. Simandle, Chief Judge         **VIA ECF FILING SYSTEM**
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
4th & Cooper, Room 6101
Camden NJ 08101-0888

    Re:    City Select Auto Sales, Inc. v. David Randall Associates, Inc., *et al.*
            Civil Action No: 1:11-CV-02658-JBS-KMW

Dear Judge Simandle:

    In accordance with instructions Your Honor gave at the hearing in this matter on October 23, 2013, this is the Defendants' response to the letter filing that counsel for the Plaintiff made on Friday, October 25th.

    The fee agreement which the Defendants have now produced confirms that the named Plaintiff has at all times been represented in this case by two attorneys who are not licensed to practice law in the state of New Jersey and who have never been admitted *pro hac vice* – Brian Wanca and Phillip Bock. As we've repeatedly argued, that is an open and continuing violation of the Rules of Professional Conduct.

    I direct the Court's attention to the following matters of record:

- On July 12, 2013 Mr. Wanca testified under oath that "I am one of the attorneys who represent City Select". (*See* Deposition of Brian Wanca, p. 56, which is Exhibit H to the Defendants' Brief in Response to Plaintiff's Renewed Motion for Class Certification, Docket No. 82);

- Mr. Wanca further testified that Phillip Bock also represents City Select in this case. (*Id.,* pps. 13-19);

337245v1

## Flamm Walton PC
ATTORNEYS AT LAW

Hon. Jerome B. Simandle, Chief Judge
October 28, 2013
Page Two

- in the above responses Mr. Wanca was specifically asked about his representation of City Select <u>in this case</u>, not in any other case or matter. (*See* Exhibit H to Docket No. 82, p. 57);

- at his deposition Mr. Wanca, along with Plaintiff's counsel, repeatedly asserted attorney-client privilege as the basis for refusing to produce the subject fee agreement and Mr. Wanca's refusal to produce his communications with City Select's President. (*See* Exhibit H to Docket No. 82, pps. 13-19; 34-38);

- at his deposition Mr. Wanca, along with Plaintiff's counsel and Mr. Wanca's own counsel, repeatedly asserted the attorney work product privilege in refusing to answer questions about Mr. Wanca's involvement in this case and the creation of the fax that is attached to the Complaint. (*See* Exhibit H to Docket No. 82, pps. 47-57);

- at the deposition of Louis Pellegrini, City Select's President, Plaintiff's counsel repeatedly objected to questions about Mr. Pellegrini's communications with Brian Wanca on the grounds of attorney-client privilege. (*See* Exhibit G to Docket No. 82, pps. 33-54);

- the subject fee agreement contains the very same express agreement by the named plaintiff not to oppose Wanca and Bock's specified one-third fee which the United States District Court found troubling in the case of **Compressor Engineering Corporation v. Manufacturer's Financial Corp., et al.,** USDC, ED Michigan, Case No. Case No. 09-14444, Dckt. No. 65);

- Mr. Wanca never produced a copy of *any* communication he had with City Select or Louis Pellegrini. On the contrary, he produced nothing at all in response to the Plaintiff's Notice of Deposition and he disclaimed any recollection of any communications he may have had with Mr. Pellegrini which preceded the creation of his asserted attorney-client relationship. (*See* Exhibit H to Docket No. 82, 33-47). Additionally, both Mr. Wanca's counsel and Plaintiff's counsel repeatedly objected to any questions about Mr. Wanca's communications with Mr. Pellegrini on the grounds of attorney-client

337245v1

## Flamm Walton PC
ATTORNEYS AT LAW

Hon. Jerome B. Simandle, Chief Judge
October 28, 2013
Page Three

- privilege, and they each improperly instructed Mr. Wanca not to answer. *Id.*

- Wherever the Plaintiff's asserted ethics expert may have obtained the "marketing letter" that is attached to the report that Mr. Lewis re-submitted with his letter dated October 25, 2013, it was not produced by Mr. Wanca in response to his Notice of Deposition and Mr. Wanca claimed under oath to have no recollection about it.

We respectfully submit that the fee agreement which counsel for the Plaintiff produced in response to Your Honor's Order additionally confirms what we argued in Section 3(e) of the Defendants' Brief in Response to Plaintiff's Renewed Motion for Class Certification, Docket No. 82: that the proposed class counsel have all knowingly violated New Jersey Rule of Professional Conduct 5.5 and continue to do so. Moreover, their submission of the 2009 "marketing letter" signed by Mr. Wanca shows that they've always known that the genesis of this case was a facially unethical solicitation by the unlicensed Mr. Wanca, just as the genesis of the earlier *G. Winters* iteration of this case was a facially unethical solicitation by the unlicensed Ryan Kelly.

Lastly, we note for the record that even in the face of Your Honor's order permitting us to depose Mr. Wanca in order to discover the background of this case, he refused to answer any questions about why his name appears on the pleadings; what his arrangements are with the Bock and Hatch firm; and what his arrangements are with Mr. Milstein's firm. Moreover, both Plaintiff's counsel and his own counsel improperly instructed Mr. Wanca not to answer any of those questions. (*see* Exhibit H to Docket No. 82, pps. 56-79).

For all of the above reasons and those set forth in the Defendant's Briefs in Opposition to the Plaintiff's Renewed Motion for Class Certification, we respectfully request that the Motion be denied.

Sincerely,

F. EMMETT FITZPATRICK, III

cc: Alan Milstein, Esq. (via ECF Filing System)
Tod A. Lewis, Esq./Jonathan B. Piper, Esq. (via ECF Filing System)

337245v1