IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons, Plaintiff,<br><br>v.<br><br>DAVID RANDALL ASSOCIATES, INC., et al, Defendants. | Case No. 11-2658 (JBS-KMW) |

### PLAINTIFF'S MOTION FOR AN ORDER APPROVING CLASS NOTICE AND SETTING A DATE FOR OPT OUTS AND OBJECTIONS

NOW COMES the Plaintiff, CITY SELECT AUTO SALES, INC., by and through its attorneys, and moves this Court for an order approving the proposed class notice attached as <u>Exhibit A</u>, setting opt out and objection dates, and confirming the dissemination of the class notice by facsimile or U.S. mail.

1.  On December 20, 2013 this Court granted Plaintiff's motion for class certification. Doc. 93. The court also ruled that "Class counsel shall endeavor to draft a proposed form of order and notice to the members of the class in compliance with the requirements for a Rule 23(b)(3) class certification as set forth in Rule 23(c)(2)(B). If all counsel are unable to agree to a form of notice, Class Counsel shall file an appropriate motion within twenty-one (21) days of the entry of the accompanying Order." Doc. 93, pp. 61-62.

2. On January 9, 2014 Plaintiff proposed the following plan to Defendants: "Class Notice to be sent via facsimile to each of the 29,113 unique fax numbers that Plaintiff's expert witness, Robert Biggerstaff, has identified were successfully sent advertising faxes in this case 44,382 times. If our efforts to fax those 29,113 class members are unsuccessful after (3) faxing attempts, then we would send notice by U.S. Mail within 7 days thereafter. Class members will be allowed 45 days to opt out of the class by mailing an opt out request to class counsel and the court." See Exhibit B (emails exchanged between counsel).

3. Defendants rejected Plaintiff's proposal complaining that they "oppose [Plaintiff's] proposal to send notices by fax because it would cause the same alleged damage that is claimed in the Plaintiff's Complaint." Id. Defendants also complained that "In the event that the Court permits you to fax the subject notices, I oppose your proposal to require opt-out notices to be returned by US mail." Id.[1]

4. Plaintiff also sent the attached proposed Class Notice (Exhibit A) but did not respond with any complaints. This notice describes the nature of the action, the parties' ability to remain in the case and be bound by its determinations or the right to opt out and seek an individual determination of their claims.

5. Plaintiff's counsel has used this form of notice in many other cases in both federal and state court.

---

[1] Plaintiff responded that if the Court allows fax notice then opt-out faxing by class members to counsel would be appropriate and would be willing to make that change. Exhibit B.

6.  Rule 23(c)(2)(B) requires that a class certification notice advise class members of the following:

    (i)   The nature of the action;
    (ii)  The definition of the class certified;
    (iii) The class claims, issues or defenses;
    (iv)  That a class member may enter an appearance through an attorney if the member so desires;
    (v)   That the court will exclude from the class any member who requests exclusion;
    (vi)  The time and manner for requesting exclusion; and
    (vii) The binding effect of a class judgment on members under Rule 23(c)(3)

7.  In Rule 23(b)(3) actions, the notice also must describe when and how a class member may opt out of the class. *See also* Manual for Complex Litigation, § 21.311 (4th ed. 2011). In addition, sufficient information about the case should be provided to enable class members to make an informed decision about their participation and should: describe succinctly the positions of the parties; identify the opposing parties, class representatives and counsel; describe the relief sought; and explain any risks and benefits of retaining class membership and opting out, while emphasizing the court has not ruled on the merits of any claims or defenses. *Id.* Similarly, in *Bremiller v. Cleveland Psychiatric Institute*, 898 F. Supp. 572, 581 (N.D. Ohio 1995), the Court stated the following:

> The notice should contain information reasonably necessary to make a decision whether to remain a class member and be bound by the final judgment or to opt out of the action. The standard is that notice must contain information a reasonable person would consider material in making an informed, intelligent decision of whether to opt out of or remain a member of the class and be bound by a final judgment. In

>compliance therewith, the notice should advise each class member of the following: that she may be excluded from the class on request; that judgment, whether favorable or unfavorable, would bind all members who did not request exclusion and that any member who did not request exclusion might appear through counsel.

The attached draft Notice meets the aforementioned requirements. It describes when and how a class member may opt out of the class. It also provides sufficient information about the case to enable the class members to make an informed decision about their participation. Exhibit A.

8. Rule 23 demands that potential class members be given "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FRCP 23 (c)(2)(B). Due process requires that class members receive adequate notice because they are bound by the judgment entered in the action. *Fry v. Hayt, Hayt, & Landau,* 198 F.R.D. 461, 474 (E.D. Pa 2000). Here, individual notice is being proposed to be given.

9. Plaintiff respectfully suggests allowing 45 days for class members to opt out or object.

10. The notice needs to be sent so that Plaintiff can proceed and file its motion for summary judgment. Plaintiff believes that summary disposition of liability and damages can be made by this court as other federal and state courts have already done so in B2B cases or nearly identical cases. *See Ira Holtzman, C.P.A. v. Turza*, No. 08 C 2014, Judgment In A Civil Action (N.D. Ill. Aug. 29, 2011) (Turza, Doc. 231) ("the plaintiff ... individually and as representative of a class recover from the defendant Gregory P. Turza

4

the amount of $4,215,000.00"), *affirmed Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Am. Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 1:09-CV-1162, 2013 WL 3654550 (W.D. Mich. July 12, 2013) (granting summary judgment for certified class in a TCPA case involving B2B the same fax broadcaster as the instant case), Judgment In A Civil Action, (W.D.MI. July 12, 2013) (*American Copper*, Doc. 212) (Summary Judgment is entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of Five Million Two Hundred Fifty-Four Thousand Five Hundred Dollars (5,254,500.00)."), Amended Judgment (W.D.MI. Nov. 4, 2013) (*American Copper*, Doc. 239-1) ("Judgment is hereby entered in favor of Plaintiff and the Class certified … in the amount of $5,254,500.00."); *Jackson's Five Star Catering, Inc. v. John R. Beason d/b/a Tax Connection World, et al.*, Case No. 10-10010, Doc. 64, Order (E.D. Mich. Nov. 8, 2013) and Doc. 67, Judgment (E.D. Mich. Dec. 2, 2013) ("For the reasons stated in the Order, a judgment is entered in favor of Plaintiff … and against Defendants….").

11. Plaintiff proposes that the class certification notice go to each of the fax numbers that Plaintiff's expert witness, Robert Biggerstaff, has identified, and if unsuccessful after three (3) attempts then by U.S. mail to the address associated with the failed fax numbers identified by Plaintiff's expert.

12. Plaintiff's proposed notice plan provides the best chance to reach most class members.

13. The Defendant's claims that fax notice would "cause the same alleged damage that is claimed" by Plaintiff's in this case is incorrect. A legal notice is not a junk fax advertisement and fully informs class members of their rights under the law.

## ARGUMENT

### A. Plaintiff's proposed notice plan has been approved in other cases under similar circumstances and is reasonably calculated to be the best way to reach all the class members.

Plaintiff recently sent out class notice in another TCPA case involving a fax blasting campaign conducted on defendant's behalf by a fax broadcaster. *Creative Montessori Learning Center v. Ashford Gear, LLC,* Case no. 09 C 3963 (N.D. Ill. 2013) (Gettleman, J.) ("*Creative*"). The class notice in *Creative* was sent out in the same manner proposed in the instant case. *See* Plaintiff's Supplemental Status Report re: Class Notice ("Status Report"), attached as Exhibit C.  In *Creative,* there were 14,574 facsimile numbers associated with the class.  Status Report, Ex. A, ¶ 3.  Fax transmission of the class notice was ultimately successful to 11,192 of those numbers and not successful to 3,382 of those numbers. *Id.* These numbers represent a 76% success rate on faxing of the notice.

Many other courts have approved class notice by fax in TCPA fax cases.  *See, e.g., CE Design, Ltd. v. Exterior Sys., Inc.,* No 07 C 66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.); *Green v. Service Master on Location Services Corp.,* No. 07 C 4705 (N.D. Ill. Aug. 27, 2009) (Hibbler, J.); *Ballard Nursing Center, Inc. v. Southern Life,* No. 09 C 1000 (N.D. Ill. July 1, 2009) (Castillo, J.); *Magnus v. Financial Network Investment Corp.,* No. 07 C 7112

6

N.D. Ill. November 3, 2008); *Ballard Nursing Center, Inc. v. Accubuilt, Inc.,* No. 08 C 260 (N.D. Ill. August 25, 2009) (Ashman, M. J.); *CE Design Ltd. v. Cy's Crabhouse,* 07 C 5456 (N.D. Ill. November 2, 2009) (Kennelly, J.); *G.M. Sign, Inc. v. Group C Communications,* 08 C 4521 (N.D. Ill. April 1, 2010) (Darrah, J.); *Gibson and Co. Ins. Brokers, Inc. v. Jackson Nat'l Life Ins.,* No. CV06-5342, 2008 WL 618893 (C.D. Cal. Feb. 27, 2008); and *Exclusively Cats v. Anesthetic Vaporizer,* No. 10-CV-10620 (E.D. Mich. Dec. 27, 2010) (Tarnow, J.).

Plaintiff contends that, like in *Creative,* fax notice here is appropriate because it is the best and most efficient way to reach the absent class members. The faxing of the class notice will result in a fax transmission report which identifies which fax numbers received the notice and which did not. This may be important to Defendant if any class member brings an individual action later. If the faxes are unsuccessful, then Plaintiff will mail the notice to those class members. Plaintiff believes this manner of notice will reach more class members than mailing alone because the majority of class members in this case are businesses and if those businesses changed addresses over the years they likely kept their fax number when they moved physical locations. The reality is that fax numbers are no more transient than physical addresses and Plaintiff's notice plan is reasonably calculated to reach the greatest number of class members. As discussed above, Plaintiff has presented this Court with evidence from *Creative* which used a similar notice program that showed that fax and U.S. mail notice did in fact reach the overwhelming majority of class members.

B. The TCPA does not prohibit faxing class notice to class members.

A legal notice such as the proposed class notice is not an advertisement prohibited by the TCPA. Admittedly, it is difficult to ignore the irony in sending victims of junk faxes class notice via facsimile. However, there is a very important distinction. The Telephone Consumer Protection Act ("TCPA") prohibits the transmission of advertisements by fax. The TCPA defines an "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services." 47 U.S.C. § 227(a)(5). Here, the recipients will receive a court ordered class notice concerning their due process rights of this litigation, not an advertisement.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiff, CITY SELECT AUTO SALES, INC., prays that this Court enter an order approving the proposed Class Notice attached hereto as <u>Exhibit A</u>, allowing 45 days for class members to opt out or object, and ordering the dissemination of the class notice to each of the fax numbers identified by Plaintiff's expert witness via facsimile and if unsuccessful after three (3) attempts, then by U.S. mail.

    Respectfully submitted,

CITY SELECT AUTO SALES, INC.,
individually and as the representative of a class of similarly-situated persons.

By: <u>s/*Alan C. Milstein*</u>
Alan C. Milstein
One of Plaintiff's Attorneys
Sherman, Silverstein, Kohl, Rose, and Podolsky
308 Harper Drive, Suite 200

8

Moorestown, NJ 08057
Telephone: 856/662-0700
Facsimile: 856/488-4744

Jonathan B. Piper (admitted *pro hac vice*)
Tod A. Lewis (admitted *pro hac vice*)
Bock & Hatch, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL 60620
Telephone: 312/658-5500
Facsimile: 312/658-5555

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on January 10, 2014, he caused a copy of the foregoing motion to be served upon all counsel of record using the ECF system.

s/*Alan C. Milstein*