IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID RANDALL ASSOCIATES, INC., et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 11-2658 (JBS/KMW) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Plaintiff brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on behalf of persons who received unsolicited fax advertisements from Defendants in the spring of 2006. The Court issued an Opinion and Order [Docket Items 93 & 94] certifying the class under Fed. R. Civ. P. 23(b)(3). This matter comes before the Court on Plaintiff's motion for an order approving the proposed class notice. [Docket Item 98.] The Court finds as follows:

1. Plaintiff has identified 29,113 unique fax numbers that received the subject unsolicited faxed advertisements from David Randall. Plaintiff's expert witness then extrapolated names and addresses for each fax number. Plaintiff proposes sending class notice via fax to each unique fax number. If Plaintiff's efforts to send the notice are unsuccessful after

three faxing attempts, then Plaintiff will send notice by U.S. mail within seven days thereafter. Plaintiff also proposes allowing class members 45 days to object or to opt out of the class by mailing an opt out request to class counsel and to the court. Plaintiff's motion cites other TCPA cases in which courts have approved class notice by fax. Plaintiff argues that fax notice is the best and most efficient method for sending notice in this particular case because faxing will result in a fax transmission report identifying which fax numbers received the notice and which did not. In addition, Plaintiff notes that some class members may have moved since the advertising campaign in 2006 but that such members likely retained the same fax number. Finally, Plaintiff notes that, while the TCPA prohibits unsolicited fax advertisements, it does not prohibit faxes containing legal notices.

2. Defendants filed opposition [Docket Item 100] arguing that the notice should be sent to class members via mail. Defendants argue that sending class notice via fax would compound the injury, i.e., receipt of unsolicited faxes, to class members. Defendants do not dispute the contents of Plaintiff's proposed notice.[1]

---

[1] In their opposition, Defendants also raise complaints about Plaintiff's production class members' names and addresses. This complaint is moot because Plaintiff attached this information to its reply. [Docket Item 103-2.]

3. The content of the notice complies with the requirements of Fed. R. Civ. P. 23(c)(2)(B). The only disputed issue is method of notice. "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

4. Notice shall be disseminated through Plaintiff's proposed method, i.e., via fax or, after three unsuccessful fax transmissions, U.S. mail. This method is the most practicable. The class members received unsolicited faxes in the spring of 2006. Since that time, some members may have moved and retained their fax numbers. Moreover, the original list of class members was a list of fax numbers, not a list of names and addresses. The fax method will generate a log of successful transmissions. Finally, fax transmission is cheaper than U.S. mail, thus ensuring lower administrative costs.

5. The Court is mindful of the irony of using faxes to disseminate class notice in a lawsuit regarding unsolicited fax advertisements. Some TCPA cases have required notice via U.S. mail. See, e.g., Kavu, Inc. v. Omnipak Corp., Civ. 06-109, 2007 WL 777581, at *1 (W.D. Wash. Mar. 13, 2007) ("class members are more likely to receive and give appropriate consideration to notices sent via first class mail . . . . mailing the notices,

3

rather than transmitting them via facsimile, is the best notice practicable"); G.M. Sign, Inc. v. Franklin Bank, S.S.B., Civ. 06-949, 2008 WL 3889950, at *6 (N.D. Ill. Aug. 20, 2008) ("The purpose behind the TCPA is to reduce the amount of unsolicited faxes that are sent. Though legal documents are not advertisements and thus not strictly within the scope of the TCPA, even the Federal Rules of Civil Procedure do not permit fax service of legal documents without prior consent of the party receiving them. Fed. R. Civ. P. 5(b)(2)(E).").

    6.   In this case, however, the Court finds that notice via fax is appropriate. Plaintiff noted several TCPA cases in which courts approved dissemination of notice via fax. See, e.g., Opinion and Order Granting Plaintiff's Motion for Class Certification, Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Services, Inc., Civ. 10-10620, ECF No. 14 at 13 ¶ 6 (E.D. Mich. Dec. 27, 2010) ("[t]he Court has reviewed the proposed notice submitted by Plaintiff's counsel and . . . approves it for dissemination by fax only to class members"); Preliminary Approval Order, Ballard Nursing Ctr., Inc. v. S. Life Sys., Inc., Civ. 09-1000, ECF No. 29 at 2 ¶ 5 (N.D. Ill. July 1, 2009) ("[t]he Court approved the proposed form of notice to the Class by facsimile . . . . If the facsimile transmission to any particular Class member is not successful and if a mailing address is available for that Class Member, Class

Counsel will mail notice to that Class member at the last known address available").

7. Some of the TCPA cases that Plaintiff cited involve fax notice of settlement agreements under Fed. R. Civ. P. 23(e)(1), which requires courts to "direct notice in a reasonable manner to all class members." The standard in those cases is thus somewhat different from the standard under Rule 23(c)(2)(B), which requires "the best notice that is practicable under the circumstances." Those TCPA cases still provide persuasive authority for fax notice particularly because the settlement notice in those cases was the only notice sent to the class. See, e.g., Order Preliminarily Approving the Class Action Settlement and Approving the Class Notice, Green v. Serv. Master On Location Servs. Corp., Civ. 07-4705, ECF No. 98 at 2 ¶ 5 (N.D. Ill. Aug. 27, 2009) ("[t]he Settlement Agreement proposes that notice will be faxed to each member of the Settlement Class . . . . The Court finds that this notice plan satisfies the requirements of due process and Fed. R. Civ. P. 23(e)"); Preliminary Approval Order, Ballard Nursing Ctr. v. Accubuilt, Inc., Civ. 08-260, ECF No. 48 at 2 ¶ 5 (N.D. Ill. Aug. 25, 2009) ("[t]he Court approves the proposed form of notice to the Settlement Class by facsimile . . . . If the facsimile transmission to any particular Settlement Class Member is not

successful and if a mailing address is available for that Settlement Class Member, Class Counsel will mail notice . . ."); Order Certifying the Settlement Class, Preliminarily Approving the Class Action Settlement, and Approving the Class Notice, CE Design Ltd. v. Exterior Sys., Inc., Civ. 07-66, ECF No. 36 at 2 ¶ 5 (N.D. Ill. Oct. 16, 2007) ("[t]he Settlement Agreement proposes that notice will be faxed to each member of the Settlement Class . . . . [t]he Court finds that this notice plan satisfies the requirements of due process and Fed. R. Civ. P. 23(e)").

8. Moreover, the Court respectfully disagrees with the Franklin Bank court's analysis regarding Fed. R. Civ. P. 5(b). Rule 5 mandates the form of service "[u]nless these rules provide otherwise." Fed. R. Civ. P. 5(a)(1). Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances." Rule 23(c)(2)(B) supersedes Rule 5 in this instance because it specifically applies to class notice. The Court is vested with discretion to determine and require the best practicable notice. Fax notice is the most practicable in these circumstances, which include the passage of time since the fax advertising campaign, the relative cost of faxing versus mail, the fact that the original list was a list of fax numbers, the speed of communication, and the easy verifiability that the

fax transmission was successful, all when compared with the mailing of such notices to more than 29,000 distinct recipients.

    9.    The Court has also made several corrections[2] to the proposed form of notice, and the amended form of notice is attached hereto. The accompanying Order will be entered.

**February 3, 2014**             **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                                       Chief U.S. District Judge

---

[2] Corrections to the proposed form of notice include: (a) changing "denies" to "deny" in ¶ B, line 7; (b) inserting the April 16, 2014 deadline date in ¶¶ D.1 & D.2 and in the Request for Exclusion form; (c) substituting the Clerk of Court's Camden address for the Newark address in ¶¶ D.2 & E and the Request for Exclusion Form; (d) changing the word "are" to "may be" in ¶ A, line 1; and (e) adding the following sentence, "It appears that one or more unsolicited advertisements, as described above, were sent to the fax machine having the same fax number as the one to which this notice is being sent," to ¶ A.