IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., *a New Jersey corporation, individually and as the representative of a class of similarly situated persons*,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DAVID/RANDALL ASSOCIATES, INC. and RAYMOND MILEY, III,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 11-2658 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

On March 27, 2015, the Court granted in part Plaintiff City Select Auto Sales, Inc.'s (hereinafter, "City Select" or the "Plaintiff Class") motion for class-wide summary judgment, and entered Judgment in favor of the City Select Class and against Defendant David/Randall Associates, Inc. (hereinafter, "David/Randall"), in the amount of $22,405,000 for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, the "TCPA"). See generally City Select Auto Sales, Inc. v. David/Randall Assocs., Inc., ___ F.Supp.3d ____, 2015 WL 1421539 (D.N.J. Mar. 27, 2015). Rather than certify the Judgment as final and appealable under Rule 54(b), Fed. R. Civ. P., however, the Court requested that Class Counsel "propose a schedule for the remainder of the case, including [1] whether

the Plaintiff Class seeks certification of this Judgment as
final as to David/Randall Associates, Inc., under Rule 54(b),
Fed. R. Civ. P., [and 2] whether notice of this judgment should
be provided to the class members at this time under Rule
23(d)(1)(B), and other procedural matters."[1]  [Docket Item 152 at
2.]

In response, the parties have proposed competing schedules.
Class Counsel, on behalf of the Plaintiff Class, requests that
the Court (1) certify the Judgment as final under Rule 54(b) in
the amount of $22,405,000; (2) stay notice to the Class and
defer briefing and ruling on attorneys' fees pending completion
of any appeal and collection efforts; and (3) set a trial date
with respect to the claim of individual liability against
Defendant Raymond Miley, III (hereinafter, "Mr. Miley").  (See
City Select's Br. at 3-6; City Select's Reply at 1, 7.)
David/Randall, by contrast, requests that the Court (1) delay
certification of the Judgment as final until the parties
determine the actual number of approved members of the Plaintiff
Class; and (2) provide notice to the Plaintiff Class of the

---

[1] In addition, the Court questioned "whether a judgment in a
significantly smaller sum would likely provide full statutory
recovery to all probable members of the Class who respond and
file claims."  City Select Auto Sales, Inc., ___ F. Supp. 3d
____, 2015 WL 1421539, at *19 n.20.  As a result, the Court
"invited [counsel] to discuss the viability of such a mechanism
to implement this judgment in the class action context."  Id.

proposed extent of the Judgment pursuant to Rule 23(d)(1)(B), Fed. R. Civ. P.[2]  (See David/Randall's Opp'n at 7-13.)

For the reasons that follow, City Select's motion will be granted in part and denied in part.  Specifically, City Select's motion will be denied to the extent it seeks to certify the March 27, 2015 Judgment against David/Randall as final.  The Court will, however, stay Class notice and briefing on any application for attorneys' fees until further Order of the Court, and will refer this matter to U.S. Magistrate Judge Karen M. Williams for a final pretrial/settlement conference relative to the individual liability claim against Mr. Miley.  The Court finds as follows:

1.   The Court first addresses whether the Court's March 27, 2015 Judgment should be certified as final pursuant to Rule 54(b), Fed. R. Civ. P.[3]  "Ordinarily the proceedings in a

_____

[2] David/Randall agrees that the individual liability claim against Mr. Miley should be listed for trial, and that the Court should defer the filing deadline on any application for attorneys' fees and costs until a later stage of the litigation. (See David/Randall's Opp'n at 14-17.) City Select's motion will, accordingly, be granted in these respects.  Specifically, the Court will refer the parties to U.S. Magistrate Judge Karen M. Williams for purposes of a final pretrial/settlement conference, and will defer the filing deadline for any application for attorneys' fees until further Order of the Court. See FED. R. CIV. P. 23(h)(1), 54(d)(1), 54(d)(2)(B) (collectively providing that the deadline to file an application for attorneys' fees may be extended by "court order").
[3] Though the Plaintiff Class requests entry of final judgment, its briefing provides no discussion of the applicable standard, nor any explanation of why the procedural circumstances of this

district court must be final as to [ ] all causes of action and parties for a court of appeals to have jurisdiction over an appeal under 28 U.S.C. § 1291."[4] Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 476 (3d Cir. 2006) (citations omitted).  An "order which terminates fewer than all claims, or claims against fewer than all parties," by contrast, fails to "constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291."  Id. (quoting Allis–Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 362 (3d Cir. 1975)).

    2.   Federal Rule of Civil Procedure 54(b), however, provides that when an action involves more than a single claim for relief, as here, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if" the Court finds "no just reason for delay." FED. R. CIV. P. 54(b).  In that way, "Rule 54(b) 'attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties,'" by "allowing a district court to enter a final judgment on an order adjudicating only a portion of the matters pending before it in multi-party or multi-claim

---

litigation counsel in favor of permitting an immediate appeal. (See City Select's Br.; City Select's Reply.)
[4] 28 U.S.C. § 1291 specifically provides that, "the court of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction over appeals from all final decisions of the district courts of the United States..."

litigation and thus allowing an immediate appeal." Elliott v. Archdiocese of N.Y., 682 F.3d 213, 220 (3d Cir. 2012) (internal quotations and citation omitted).

3.   Certification of a judgment as final under Rule 54(b), however, constitutes "the exception, not the rule, to the usual course of proceedings in a district court," and "should not be entered routinely or as a courtesy or accommodation to counsel." Panichella v. Pa. R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958). Rather, the Rule "should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule."   Id.

4.   "Rule 54(b) thus requires that a district court first determine whether there has been an ultimate disposition on a cognizable claim for relief as to a claim or party such that there is a 'final judgment.'"   Elliott, 682 F.3d at 220 (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980)); see also Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (same).   "If it determines that there has been such a disposition, 'the district court must go on to determine whether there is any just reason for delay,' taking into account 'judicial administrative interests as well as the equities involved.'"   Elliott, 682 F.3d at 220 (quoting Curtiss-Wright Corp., 446 U.S. at 7-8).   In other words, the district court

must ensure that an immediate appeal actually advances the
purposes of Rule 54(b), by evaluating (1) the relationship
between the adjudicated and unadjudicated claims; (2) the
possibility that the need for review might or might not be
mooted by future developments in the district court; (3) the
possibility that the reviewing court might be obliged to
consider the same issue a second time; (4) the presence or
absence of a claim or counterclaim which could result in a
setoff against the judgment to be made final; and (5) other
factors, such as delay, economic and solvency considerations,
shortening the time of trial, frivolity of competing claims,
expense (hereinafter, the "Berckeley factors"). See Berckeley
Inv. Grp., 455 F.3d at 203 (citation omitted).

    5.  Here, the Court's grant of summary judgment in favor
of the Plaintiff Class and against David/Randall unquestionably
constitutes a final determination of all claims against
David/Randall other than for costs and attorney's fees. See
Amboy Bancorporation v. Jenkens & Gilchrist, No. 02- 5410, 2009
WL 4117355, at *2 (D.N.J. Nov. 18, 2009) (determining that the
grant of summary judgment in favor of one party constituted a
final judgment). Nevertheless, in light of the Berckeley
factors, the Court finds entry of final judgment as to
David/Randall unwarranted at this time. Critically, the TCPA
claim against Mr. Miley relies, in essence, upon the same facts

6

and legal theories underpinning the now adjudicated TCPA claim against David/Randall.  Indeed, the Court only denied summary judgment as against Mr. Miley based upon factual disputes concerning the level of his involvement in David/Randall's transmission of unsolicited and unlawful facsimile advertisements.  See City Select Auto Sales, Inc., ___ F. Supp. 3d ____, 2015 WL 1421539, at *13-*15.  As a result, in the event the Court certified the March 27, 2015 Judgment as final, there is a clear possibility that the Court of Appeals would have to analyze the same set of facts, using substantially the same legal standards concerning Miley's liability, in an appeal subsequent to the one presently proposed.  See Berckeley Inv. Group, 455 F.3d at 202 (denying certification under 54(b), based upon the similarly between the claims remaining before the district court and those proposed for appeal); Amboy Bancorporation, 2009 WL 4117355, at *2 (denying certification based upon the "legally and factually similar" nature of all claims).  The avoidance of "piecemeal and duplicative appeals," as would be inevitable here, strongly favors denial of Rule 54(b) certification in this case.  Hogan v. Conrail, 961 F.2d 1021, 1026 (2d Cir. 1992) (finding that the "interrelationship of the dismissed and surviving claims" provides, without more, "a reason for not granting a Rule 54(b) certification") (citations omitted); see also Quinn v. Cintron, No. 11-2471,

7

2013 WL 5842554, at *3 (E.D. Pa. Oct. 31, 2013) (denying
certification in order to avoid a "piecemeal appeal process").
Moreover, because the Court intends to list the claim against
Mr. Miley for trial within 90 days (following the final pretrial
conference discussed below), certification for appeal may
actually delay the disposition of the remaining portions of this
action.[5]  For all of these reasons, the Court finds that the
Berckeley factors weigh in favor of denying certification of the
March 27, 2015 Judgment as final.  Class Counsel's request for
certification will, accordingly, be denied.[6]

---

[5] Even more, David/Randall opposes certification, and its own
submissions leave some doubt as to whether any appeal would even
be taken. (See generally David/Randall's Opp'n.)  These
circumstances provide further support for denial of
certification at this time.

[6] Moreover, even in the event the Court certified the March 27,
2015 Judgment, the Court finds no support for David/Randall's
position that the Judgment against David/Randall should, at this
time, be confined to an amount less than $22,405,000.  Nor has
David/Randall provided any convincing authority in support of
its position.  Indeed, the sole case cited by David/Randall, Ira
Holtzman, C.P.A. v. Turza, 728 F.3d 682 (7th Cir. 2013), does
not indicate a judgment in the statutory amount may be reduced,
at the outset or in its final form, based upon projected claim
participation.  Rather, Holtzman only stands for the proposition
that, if the defendant "pays more than enough to satisfy all
claims by class members," the district court must "decide
whether the residue," if any, "goes back to [the defendant],"
escheats to the state, provides an "augmented recovery for those
class members who submitted claims," or goes "to a group that
will use the money for the benefit of class members."  Id. at
688-90 (affirming the district court "on the merits," but
remanding with instructions to enter a judgment requiring the
defendant to remit the funds to a specified repository and to
reconsider "how any remainder" would be applied). Based upon
counsel for David/Randall's prior representations concerning

6.     Finally, the Court turns to the issue of class notice.
City Select, as stated above, argues that notice of the Judgment
against David/Randall should be deferred pending appeal (see
City Select's Br. at 3-6), while David/Randall asserts that the
Plaintiff Class must receive notice of "*the proposed extent of
the judgment*" at this stage.  (David/Randall's Opp'n at 12
(emphasis in original) (citation omitted).)

7.     The Court notes, at the outset, that Rule 23 provides
no imperative to order class notice here.  Rather, Rule
23(d)(1)(B), Fed. R. Civ. P., provides, on its face, that the
Court may issue orders that "require ... appropriate notice to
some or all class members of: (i) any step in the action;
[and/or] (ii) the proposed extent of any judgment."  FED. R. CIV.
P. 23(d)(1)(B)(i)-(ii).  In other words, Rule 23(d)(1) "'does
not require notice at any stage, but rather calls attention to
its availability and invokes the court's discretion.'"[7]  Walsh v.
Great Atl. & Pac. Tea Co., Inc., 726 F.2d 956, 962-63 (3d Cir.
1983) (citation omitted).  Courts have "rarely addressed" the
precise circumstances under which to exercise their

_____

David/Randall's financial standing, it would appear unlikely
that this Court will confront such a scenario.  Nevertheless, if
Class Counsel's success in executing upon the Judgment exceeds
even counsel for David/Randall's expectations, this Court too
would make such a determination.
[7] This procedure can be contrasted with the mandatory notice of a
class action settlement under Rule 23(c)(2)(B), Fed. R. Civ. P.

discretionary notice power under the Rule.  Puffer v. Allstate Ins. Co., 614 F. Supp. 2d 905, 909 (N.D. Ill. 2009), but appear to principally invoke the Rule in the presence of questions regarding the adequacy of the class representative, in order to notify the class members of newly relevant information, and/or when a court denies class certification.  See NEWBERG ON CLASS ACTIONS § 8.26 (5th Ed.) (describing these three scenarios and citing relevant cases).

8.   Here, Class Counsel tethers much of its objection to notice at this time to issues pertaining to its entitlement to, and recovery of, attorneys' fees and costs.  (See, e.g., City Select's Br. at 5.)  The Court, however, finds that basis inappropriate, standing alone, to deprive the Plaintiff Class of notice of the Court's March 27, 2015 Judgment.  Moreover, the Court acknowledges some concern regarding whether the Class list prepared by Robert Biggerstaff in March 2012 still contains current and accurate contact information for the members of the Plaintiff Class.[8]  [See Docket Item 103-2.]  Nevertheless, no

---

[8] For that reason, the Court will direct Class Counsel to work with its expert in order to ensure the continued accuracy of the contact information reflected on the Class list.  [See, e.g., Docket Items 36-7 (explaining how Mr. Biggerstaff identified the names and addresses of the members of the Plaintiff Class), 103-2 (setting forth the "Fax Numbers and Associated Address Information" for the Plaintiff Class.)  In the event Mr. Biggerstaff finds himself unable to verify the accuracy of the current contact information, the Court may consider requiring notice to the Plaintiff Class in order to obtain Class members'

funds presently exist for distribution to the Plaintiff Class, and the Court recognizes the high cost and potential confusion associated with providing notice.  As a result, the Court, in its discretion, declines to require any notice to the Class at this time.  See Williams v. Phila. Hous. Auth., No. 92-7072, 1993 WL 246086, at *9 (E.D. Pa. June 30, 1993) (finding Rule 23(d) notice unwarranted at that time).  Rather, absent a change in circumstances, the Court will require notice when funds become available for distribution and when Class Counsel makes its application for reasonable attorneys' fees and costs.  See Fed. R. Civ. P. 23(h)(1).

    9.    An accompanying Order will be entered.

**October 26, 2015**                 **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                         Chief U.S. District Judge

---

current names and addresses and to inform class members of developments in the case.