## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons, </br></br> Plaintiff, </br></br> v. </br></br> DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III, </br></br> Defendants. | HONORABLE JEROME B. SIMANDLE </br></br> Civil Action </br> No. 11-02658 (JBS/KMW) |

## [PROPOSED] ORDER

This matter comes before the Court by way of Plaintiff City Select Auto Sales, Inc.'s (hereinafter "City Select") motion regarding entry of final judgment pursuant to FED. R. CIV. P. 54(b) against David/Randall Associates, Inc., and continuation of the stays entered on October 26, 2015 staying and deferring notice to the Class, pursuant to Rule 23(h), and briefing and ruling on applications for attorneys' fees until after resolution of any and all appeals, the Court having considered the parties' submissions, and for good cause shown;

IT IS this _____ day of _____, 2016, hereby

**ORDERED** that City Select's motion regarding entry of final judgment pursuant to FED. R. CIV. P. 54(b) against David/Randall Associates, Inc., and continuation of the stays entered on October 26, 2015 staying and deferring notice to the Class, pursuant to Rule 23(h), and briefing and ruling on applications for attorneys' fees until after resolution of any and all appeals and collection efforts shall be, and hereby is, **GRANTED IN FULL**, and it is further

**ORDERED** that the March 27, 2015, Judgment in favor of the Plaintiff Class and against David/Randall Associates, Inc., is hereby certified as final pursuant to Fed. R. Civ. P. 54(b); and it is further

**ORDERED** that the stay imposed on October 26, 2015, deferring providing notice to the Class pursuant to Fed. R. Civ. P. 23(h) of the Judgment against David/Randall Associates, Inc., is entered and continued until further order of the Court; and it is further

**ORDERED** that the stay imposed on October 26, 2015, deferring briefing and ruling on applications for attorneys' fees is entered and continued until further order of the Court, pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i) and 23(h)(1).

 

                                                                         _____
JEROME B. SIMANDLE
Chief U.S. District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons, </br></br>　　　　　　　　Plaintiff, </br></br>　　　v. </br></br>DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III, </br></br>　　　　　　　　Defendants. | No.: 1:11-cv-02658-JBS-KMW |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER CERTIFYING FINAL
JUDGMENT AND CONTINUING THE STAYS ENTERED DEFERRING CLASS
NOTICE AND BRIEFING ON MOTIONS FOR ATTORNEYS' FEES
<u>UNTIL FINAL DISPOSITION OF ALL APPEALS</u>**

Alan C. Milstein
amilstein@shermansilverstein.com
SHERMAN, SILVERSTEIN, KOHL, ROSE
AND PODOLSKY
308 Harper Dr., Ste. 200
Moorestown, NJ 08057
Telephone: 856-662-0700

Daniel J. Cohen (pro hac vice)
Tod A. Lewis (pro hac vice)
BOCK, HATCH, LEWIS & OPPENHEIM
LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
*Attorneys for Plaintiff*

3

NOW COMES plaintiff, City Select Auto Sales, Inc. ("Plaintiff"), pursuant to FED. R. CIV. P. 54(b), 23 (h) and 54(d)(2), and respectfully requests that the Court enter an order (1) certifying the Judgment against David/Randall Associates, Inc. ("David/Randall") as final under Fed. R. Civ. P. 54(b) in the amount of $22,405,000; (2) continuing the stay of providing notice to the Class and continuing and deferring briefing and ruling on attorneys' fees until any and all appeals are resolved and collection efforts are exhausted.

## PROCEDURAL BACKGROUND

On March 27, 2015, the Court entered an Opinion, Order and Judgment in this case. *See* Doc. 151 (Opinion) and Doc. 152 (Order and Judgment). The Court "[found] that the Plaintiff has proved Defendants liable for statutory damages in the amount of $22,405,000, and summary judgment will be entered against David/Randall Associates, Inc. for that amount." Doc. 151, pp. 55-56; Doc. 152, p. 2. The Court granted Plaintiff's motion for class-wide summary judgment as to David/Randall Associates, Inc., but denied it as to Raymond Miley, III. *Id.* Therefore, the Court ordered that Judgment "shall be entered in favor of the Plaintiff Class and against David/Randall Associates, Inc. in the amount of $22,405,000." Doc. 152, p. 2.

The Court did not make the Judgment final and appealable under Rule 54(b). Rather, the Court entered a stay of providing notice to the Class and for motions related to attorneys' fees until further order of the Court, and ordered trial to commence to determine whether Raymond Miley, III ("Miley") was individually liable for the faxes at issue.[1] Doc. 166. Jury trial commenced on May 23, 2016. Doc. 227. On May 26, 2016, the jury returned a verdict in favor

---

[1] The Class was previously notified of the pendency of this action and advised: "If you do nothing, you will remain a member of the Class. You will lose your right to file your own separate lawsuit against Defendants about their advertising faxes and you will be bound by the result of the lawsuit, whether that result is favorable or unfavorable." Doc. 106, p. 4.

Miley, finding that he is not personally liable for the faxes. Doc. 236. The Court then entered judgment on the verdict. Doc. 241.

Thereafter, the Court asked whether there were any matters precluding entry of final judgment against David/Randall in the amount of $22,405,000. Plaintiff submits this motion in response to the Court's query.

**1. The Court Should Certify the Judgment as Final under Rule 54(b).**

Plaintiff seeks certification of the Judgment as final under Fed. R. Civ. P. 54(b) in the amount of $22,405,000, which is based on 44,810 successful unsolicited transmissions multiplied by the amount of statutory damages, or $500 each. Doc. 151, pp. 42-43; 47 U.S.C. § 227(b)(3)(A)-(C). Plaintiff knows of no reason to delay entry of final judgment.

**2. The Court Should Enter and Continue the Stay Deferring Notice to the Class and Deferring Briefing and Ruling on Attorneys' Fees, Until Any and All Appeals are Resolved and Collection Efforts are Exhausted.**

On October 26, 2015, the Court stayed providing notice pursuant to Rule 23(d)(1)(B) to the Class of the Court's March 27, 2015, Judgment against David/Randall under further order of the Court. Doc. 166. Plaintiff maintains that notice of the Judgment to the Class should continue to be stayed until the resolution of any and all appeals, and collection efforts are exhausted, for the reasons Plaintiff articulated to the Court in earlier briefing (Doc. 156):

First, should David/Randall appeal, it must post an appeal bond. Second, the likely appeals must be briefed and argued before the Third Circuit and a decision rendered before any money might be available for distribution to the Class or to Plaintiff's attorneys. Third, while the judgment amount would be clear, the total amount of any recovery against David/Randall and/or Miley is not yet ascertained or ascertainable. Fourth, notice to the class, pursuant to Rule 23(h)(1), will be expensive and could cause considerable confusion if a determination on fees and costs is made but circumstances surrounding the judgment or the amount of monies collected

change. Thus, Plaintiff maintains it is preferable and more efficient to wait until money is recovered and available before telling the Class how much money is available and how the money will be distributed.

Moreover, pursuant to FED. R. CIV. P. 54(d)(B)(i), a fees motion must be filed no later than 14 days after entry of final judgment, *unless a court order provides otherwise* (emphasis added). Similarly, FED. R. CIV. P. 23(h) provides that a claim for an award of attorneys' fees and nontaxable costs must be made *at a time the court sets* (emphasis added).[2] For these reasons, on October 26, 2015, the Court previously stayed and deferred briefing on any application for attorneys' fees until further order of the Court. Doc. 166. Plaintiff requests the Court enter an order continuing the stay entered by the Court on October 26, 2015, until after any and all appeals have been resolved, and collection efforts are exhausted.

Any attorneys' fees and expenses awarded would be paid only from the monies recovered from the Defendants. Until monies are collected for the benefit of the Class, it is simply impossible to determine an appropriate attorney fee, and a waste of the Court's resources to wade into such a determination. It can also be safely assumed that David/Randall will file a Notice of Appeal, seeking review of the Court's Final Judgment. Moreover, Plaintiff anticipates filing a motion for new trial pursuant to FED. R. CIV. P. 59 and foresees appealing the verdict in favor of Miley. Additional attorney time and expense will be incurred through the appeals process. After monies are collected from David/Randall, Plaintiff will be ordered to file a motion for attorneys' fees and expenses, and a class representative incentive award, to be payable from the collected monies. And notice will then be given to the Class under Rule 23(h). Consequently, until the

---

[2] Moreover, <u>before</u> attorneys' fees and expenses can be awarded, the absent class members first must be notified about the requests. Fed. R. Civ. P. 23 (h).

appeals and collection efforts are exhausted, it is simply too soon for counsel and the Court to make a determination on attorneys' fees and expenses.

Therefore, Plaintiff requests the Court enter an order maintaining the stay and deferring briefing and ruling on attorneys' fees until after the Third Circuit has resolved all likely appeals and monies are collected from David/Randall (and/or Miley) to benefit the Class.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order (1) certifying the Judgment against David/Randall as final under Rule 54(b) in the amount of $22,405,000; (2) entering and continuing the stay deferring notice to the Class pursuant to Rule 23(h), and entering and continuing briefing and ruling on attorneys' fees, until all appeals are resolved and collection efforts are exhausted.

Dated:  June 10, 2016

               Respectfully submitted,

               CITY SELECT AUTO SALES, INC., a
               New Jersey corporation, individually and as
               the representative of a class of similarly-
               situated persons,

         By: /s/ Alan C. Milstein
             One of Plaintiff's attorneys

         Alan C. Milstein
         SHERMAN, SILVERSTEIN, KOHL, ROSE &
         PODOLSKY, PC
         Eastgate Corporate Center
         308 Harper Dr., Ste. 200
         Moorestown, NJ 08057
         Telephone: 856-662-0700

         Daniel J. Cohen (pro hac vice)
         Tod A. Lewis (pro hac vice)
         BOCK, HATCH, LEWIS & OPPENHEIM LLC
         134 North La Salle Street, Suite 1000
         Chicago, IL 60602

       Telephone:  312/658-5500

       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 10, 2016, I caused the foregoing to be filed using the Court's CM/ECF System which will send notification of such filing to all counsel of record.

                                    /s/ Alan C. Milstein
                                    One of Plaintiff's attorneys