UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – CAMDEN

| | |
|---|---|
| **Plaintiff**<br>CITY SELECT AUTO SALES, INC. : <br><br> v. : <br><br> **Defendants**<br>DAVID RANDALL ASSOCIATES, INC. : <br><br> & :<br><br> RAYMOND MILEY, III | No. 1:11-CV-02658-JBS-KMW |

## DEFENDANT DAVID RANDALL ASSOCIATES, INC.'S SUPPLEMENTAL MEMO OF LAW IN RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT ORDER AND FOR ORDER STAYING NOTICE TO CLASS AND FOR ORDER STAYING MOTION FOR ATTORNEYS' FEES PENDING FINAL DISPOSITION OF ALL APPEALS

Counsel for Defendant David Randall Associates, Inc., just became aware of a May 18, 2016 decision of the Appellate Court of Illinois, First Judicial District, in a TCPA case that was brought by the same attorney who initiated this case, Brian Wanca, in which the Court voiced strong policy opinions about the class notice and attorneys' fees issues that are the subject of the instant Motion filed by Plaintiffs' counsel. Accordingly, we believe this Court needs to be made aware of that decision, which directly supports arguments the Defendant has made in opposition to the Plaintiffs' Motion.

In *First Mercury Insurance Company v. Nationwide Security Services, Inc., et al.,* Appellate Court of Illinois, First Judicial District, No. 11 CH 28513, a copy of which is attached as Exhibit A, the Court took the extraordinary step of

adding a section to its Opinion entitled, "Policy Reasons Supporting Affirmance", due to its "concern with the policies implicated by the proliferation of TCPA class actions". *Id.*, ¶43, et seq. In that section the Court observed – as a matter of fact not even subject to argument – that the actual response rate of alleged plaintiffs in these aged TCPA cases is "only a handful of persons or entities". That response rate is inevitably totally disproportionate to the damages calculated (in settlement agreements such as the one at issue in that case), or found (as in this case). The Court bluntly stated that Plaintiffs' attorneys seek a high judgment number **"in order to satisfy their hefty fee petition rather than their fiduciary obligations towards safeguarding class members' interests"**. *Id.*

The Illinois Appeals Court went on advise lower courts that, **"to avoid this charade, courts in the underlying class actions should insist that class attorneys fulfill their obligations to absent class members by going forward with the claims process"**, rather than permitting extraordinary machinations such as the those requested by the Plaintiffs' attorneys' here – imposition of a final $22.5M Judgment and stays of the class notice requirement and determination of the attorneys' fees.

We respectfully submit that the findings and reasoning of the *First Mercury* court are directly applicable to the requests made by Plaintiffs' counsel in the instant Motion, and that for all of the reasons set forth in that Opinion, the Plaintiffs' Motion should be denied.

FLAMM WALTON HEIMBACH & LAMM, PC

_____
F. EMMETT FITZPATRICK, III

## CERTIFICATE OF SERVICE

I certify that I served a copy of the attached document upon the following persons, via the ECF filing system on the indicated date:

>Alan M. Milstein, Esq.
>Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.
>208 Harper Drive, Suite 200
>Moorestown  NJ  08057
>
>Tod A. Lewis, Esq.
>Jonathan B. Piper, Esq.
>Bock & Hatch, LLC
>134 N. LaSalle St., Ste. 1000
>Chicago, Illinois 60602
>
>*Counsel for Plaintiffs*

I certify that I served a copy of the attached document upon the following persons, via first class United States Mail on the indicated date:

>Caroline Abraham, d/b/a Business to Business Solutions
>1601 East 18th Street
>New York, NY  11230
>
>*Unrepresented Third Party Defendant*
>
>Joel Abraham, d/b/a Business to Business Solutions
>1601 East 18th Street
>New York, NY  11230
>
>*Unrepresented Third Party Defendant*

Date: 6-22-16

F. EMMETT FITZPATRICK, III

352601v1                                                         3