IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CITY SELECT AUTO SALES, INC., a New Jersey corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) ) |
| Plaintiff, | ) No.: 1:11-cv-02658-JBS–KMW ) ) |
| v. | ) ) |
| DAVID RANDALL ASSOCIATES, INC. and RAYMOND MILEY III, | ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO ADMINISTRATIVELY TERMINATE THIS CASE

NOW COMES the named plaintiff, City Select Auto Sales, Inc. ("Plaintiff"), by and through its attorneys, and respectfully moves the Court to administratively terminate this case pending final adjudication of *City Select Auto Sales, Inc. v. Nationwide Mutual Ins. Co.,* 19-CV-002613 (Court of Common Pleas, Franklin County, Ohio). In support of its Motion, Plaintiff alleges and states as follows:

1. On February 4, 2019, the Court issued an order requiring Class Counsel to inform the Court about whether Plaintiff had commenced a declaratory judgment action in Ohio pertaining to Defendant's insurance coverage and whether Class Counsel then intended to petition the Court to administratively terminate this action pending resolution of that Ohio declaratory suit. *See* Doc. 285.

2. On March 27, 2019, Plaintiff commenced a declaratory judgment action in the Ohio Court of Common Pleas entitled *City Select Auto Sales, Inc. v. Nationwide Mutual Ins. Co.,* 19-CV-002613 ("the Ohio matter"), seeking a declaration concerning the rights and obligations of Defendant's insurer to satisfy some of the judgment this case. *See* Docs. 286, 286-1. Defendant's insurer has been served and the case is underway. Plaintiff has agreed to an extension of time for the insurer to file a responsive pleading. Plaintiff does not know how much time will pass before the Ohio matter is finally resolved.

3. Therefore, rather than leaving this action pending on the Court's open docket, Plaintiff respectfully requests that the Court administratively terminate the action until final adjudication of the Ohio matter.

4. "In the exercise of its discretion, 'a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.'" *Muhammad v. Delaware Title Loans, Inc.*, No. CV 09-3920(RMB/AMD), 2010 WL 11566061, at *3 (D.N.J. June 22, 2010) (quoting *Bechtel Corp. v. Local 215, Laborers' Intern. Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)).[1] And "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The factors that courts take into account when

---

[1] Similarly, L. R. Civ. 41.1 provides for administrative terminations after a settlement is reached. Administrative terminations are also appropriate while arbitrations are pending. *Ambulatory Surgical Ctr. of Somerset v. Allstate Fire Cas. Ins. Co.*, No. CV 16-5378, 2017 WL 5053919, at *1 (D.N.J. Nov. 3, 2017).

assessing the suitability of issuing a stay are "whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the length of the stay." *Glades Pharmaceuticals, LLC v. Call, Inc.*, No. Civ. A. 04-4259, 2005 WL 563726, at *8 (E.D. Pa. Mar. 9, 2005).

5. Here, an administrative termination of this case while the Ohio matter is pending will promote judicial economy and will not cause any harm. The certified class has no hope of recovering any non-insurance asset of Defendant, and the Ohio matter is the class's last and only chance of recovery. Doc. 286.

6. An administrative termination order would not operate as a dismissal order. Rather, it would preserve the parties' rights to reopen the case for further proceedings upon request. *See* Doc. 285.

7. Given this preservation of rights, there is no need to notify the class pursuant to Fed. R. Civ. P. 23(e)(1) as class members remain in the same position today as they will going forward. Doc. 286.

8. Plaintiff has included a proposed order with this motion.

WHEREFORE, Plaintiff requests that the Court administratively terminate this case pending final adjudication of *City Select Auto Sales, Inc. v. Nationwide Mutual Ins. Co.,* 19-CV-002613 (Court of Common Pleas, Franklin County, Ohio), which would not operate as a dismissal order and would preserve the parties' rights to reopen the case for further proceedings upon request.

Dated: April 19, 2019

Respectfully submitted,

*CITY SELECT AUTO SALES, INC.*,
individually and as the representative of a class of similarly-situated persons.

By: s/Alan C. Milstein

Alan C. Milstein
One of Plaintiff's Attorneys
*Sherman, Silverstein, Kohl, Rose, and Podolsky*
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856/662-0700
Facsimile: 856/488-4744

Phillip A. Bock (pro hac vice)
Tod A. Lewis (pro hac vice)
*Bock, Hatch, Lewis & Oppenheim, LLC*
134 North La Salle Street, Suite 1000
Chicago, IL 60620
Telephone: 312/658-5500

## CERTIFICATE OF SERVICE

      I hereby certify that on April 19, 2018, I caused the foregoing to be filed using the Court's CM/ECF System which will send notification of such filing to all counsel of record.

                                      /s/ Alan C. Milstein
                                      One of Plaintiff's attorneys